## Hogg v. The State.

On the trial of a cause, the Court refused to hear the answers to certain questions asked on the cross-examination of the plaintiff's witnesses; but neither the evidence in chief, nor that previously given in the cause, was in the record.   *Held*, that no error appeared.

The Court, on the trial of a cause, instructed the jury that they were the judges of the law and the facts, but should take the law from the Court; and that the legality and construction of written documentary evidence were questions for the Court.   *Held*, that the instructions were correct.

A jury being unable to agree, and the parties having objected to their discharge, the Court, in the presence of the parties, gave an additional and legal instruction to the jury, and sent them again to their room for further deliberation.   *Held*, that this was not error.

APPEAL from the *Decatur* Court of Common Pleas.

PERKINS, J.—Prosecution against *Hogg*, for neglect of
duty as supervisor of highways.   Conviction, and fine of
5 dollars.   This is the second appearance of the case in
this Court.   5 Ind. R. 515.

The errors assigned as having occurred during the second
trial, are:   A refusal to continue the cause; a refusal to
hear evidence; a refusal to give instructions; the giving of
wrong instructions; the giving of an instruction at an improper time; the refusal to grant a new trial.

No sufficient cause was shown for a continuance, and
no exception taken to the refusal to grant it.   It is not
shown that evidence was given to which the refused instructions would have been pertinent.   The evidence is

not upon record to enable us to judge of the necessity of a new trial.

The evidence not heard was the unuttered answers to some questions on cross-examination; but, as the evidence on the original examination, with that previously given in the cause, does not appear, we are unable to judge of the propriety of the questions on cross-examination, especially those in this case.

We see no objection to the instructions given. The Court told the jury they were the judges of the law and the facts, but should take the law from the Court; and that the legality and construction of written documentary evidence, were questions for the Court. See *Beatty* v. *Gates*, 4 Ind. R. 154, and *Carter* v. *The State*, 2 Ind. R. 617, as establishing these points.

The instruction given out of time, occurred thus: The jury were unable to agree and returned into Court. The attorneys on both sides insisted that they should not be discharged, but confined till they found a verdict. Thereupon the Court, in the presence of the parties, gave them an additional legal instruction, to meet the difficulties, we presume, stated by the jurors as existing in their minds relative to the law, and sent them back to their room for further deliberation. There was no error in this. 2 *Swan's* Pr. 917.

*Per Curiam.*—The judgment is affirmed with costs.

*B. W. Wilson, J. S. Scobey* and *W. Cumback*, for the appellant.

*J. Gavin* and *J. R. Coverdill*, for the state.