DEAN v. STATE OF INDIANA.

[No. 29,281. Filed November 22, 1955.]

*John N. Stanton,* and *Cecil B. Cohen,* of East Chicago, for appellant.

*Edwin K. Steers,* Attorney General, and *Owen S. Boling,* Deputy Attorney General, for appellee.

BOBBITT, J.—Appellant was charged by indictment with first degree murder, tried by jury, and found guilty of murder in the second degree and sentenced to life imprisonment in the Indiana State Prison.

The question here presented is an alleged irregularity of the court as specifically charged in grounds 4 and 5 of appellant's motion for a new trial, which are as follows:

"4.  Irregularity in the proceedings of the Court in that after the Jury had retired to deliberate after final instructions and while the Jury was out deliberating, the Court did, in the absence of the Defendant and without any waiver by Defendant of his right to be present at all stages of the proceedings, and while Defendant was then confined in the County Jail next door to the Court House where he was then and there immediately available, have the Jury called downstairs and in a conversation with said Jurors did proceed to instruct the Jurors orally as to their duties to agree upon and return a verdict, by which Defendant was prevented from having a fair trial.

"5.  Irregularity in the proceedings of the Court

in that during the course of the Jury's deliberations the Court instructed them that it was their duty to agree upon and return a verdict without further informing and instructing them that it was not their duty to agree upon and return a verdict so long as any Juror held a reasonable doubt as to Defendant's guilt, by which the Defendant was prevented from having a fair trial."

These charges of irregularity are supported by affidavits attached to the motion for a new trial.

A counter-affidavit was filed by a deputy prosecuting attorney in which it was stated that prior to the time when the jury was called to make inquiry as to whether they had reached a verdict the judge informed attorneys for the defendant that he was calling the jury solely for this purpose; that defendant's attorneys made no objection; that the judge inquired of the foreman of the jury as to whether or not the jury had been able to reach a verdict, and upon informing the judge that, as yet, they had not, the judge then informed the jury that they should return to the jury room and deliberate further "and attempt to reach a verdict if possible for the defendant or the State and that if they could not reach a verdict within a reasonable time, that the Judge would then discharge the jury."

The evidence is undisputed that appellant was not present at any time during the above described proceedings.

Acts 1905, ch. 169, §222, p. 584, being §9-1801, Burns' 1942 Replacement, provides:

"No person prosecuted for any offense punishable by death or by confinement in the state prison or county jail shall be tried unless personally present during the trial."

This statute merely declares the rule at comon law. *State* v. *Wilson* (1875), 50 Ind. 487, 19 Am. Rep. 719; Ewbank's Criminal Law, 2d ed., §445, p. 291.

In *Roberts* v. *State* (1887), 111 Ind. 340, 12 N. E. 500, this court was confronted with a question similar to the one now before us. There the jury was called for further instruction, and the defendant was not present when they were recalled and the further instruction given. At pp. 341-342, of 111 Ind., this court said:

> "The statute provides, section 1786, R. S. 1881,[1] that no person prosecuted for any offense punishable by death, or by confinement in the State prison or county jail, shall be tried unless personally present during the trial. In such cases, the presence of the defendant's counsel does not meet the requirement of the statute. He must be personally present unless he in some way waives that right. Such is the positive requirement of the statute. No court can dispense with it. If the trial, or any substantial part of it, is had in the absence of the accused without his consent, the statute is violated and his rights invaded.

> "Such an invasion cannot be regarded by the courts as a harmless error. Instructing the jury is clearly a part of the trial. If one instruction may be given in the absence of the accused and without his knowledge, there is no good reason why the whole of the instructions may not be given in his absence and without his knowledge. And if this court, looking to one instruction so given, may say that the giving of it in the absence of the accused did not affect his substantial rights, and was, therefore, a harmless error, there would seem to be no good reason why, looking to all of the instructions in the case, given in the absence of the accused, the giving of them did not affect his substantial rights, and was, therefore, a harmless error. To treat such errors as harmless would be to entirely overthrow the statute."

In *Miles* v. *State* (1944), 222 Ind. 312, 53 N. E. 2d 779, it was held that a defendant's attorney, unless ex-

---

1. Acts 1905, ch. 169, §222, p. 584, being §9-1801, Burns' 1942 Replacement, is a reenactment of §1786 of the 1881 Revised Statutes.

pressly authorized by him, cannot waive his (defendant's) right to be present when the jury is recalled to the court room for a rereading of the instructions.

In *Fina* v. *United States* (1931), 46 F. 2d 643, the Tenth Circuit Court of Appeals was confronted with a question similar to the one now before us, and at pp. 643-644, it said:

> "After the jury had been out for some time without a verdict, information came to the court that the jury desired to ask the court a question, and the jury was brought into court and propounded the question to the court. The court answered the question propounded by the jury. At this time neither counsel for the defendant nor defendant, who was in charge of the marshal, were notified of the coming in of the jury, nor was either present. . . . [D]efendant was at this time in the custody of the United States marshal and could not be present unless brought into court by the marshal having him in charge. This the defendant contends was prejudicial error, because it was denial of his constitutional right to be present at all the stages of the trial. We have no doubt but that it is the constitutional right of one accused of a felony, as in this case, to be present at every stage of the trial, because the trial by jury mentioned in our Constitution means a trial by jury according to the rules of the common law."

That appellant herein was not present when the jury was called into the courtroom is undisputed; nor is there any denial that he was confined "next door" and readily available to be brought into the courtroom when the jury was called to report on the progress of their deliberations.

Appellant's constitutional right[2] to be present during his trial includes the right to be present in the courtroom at every stage of the proceedings which requires the presence of the jury. It, therefore, was error for

---

2. Art. 1, §13, of the Indiana Constitution. See implementing statute, §9-1801, Burns' 1942 Replacement.

the trial court to call the jury for questioning as he did in this case without the presence of the defendant-appellant. For this reason the judgment of the trial court must be reversed.

Because of the conclusion which we have reached it is not necessary to discuss other assigned errors.

Judgment reversed.

Emmert, C. J., Achor, Arterburn and Landis, JJ., concur.

NOTE.—Reported in 130 N. E. 2d 126.