DEMING *v.* STATE OF INDIANA.

[No. 29,321. Filed March 28, 1956.]

*Leroy Baker*, of Bloomington, for appellant.

*Edwin K. Steers*, Attorney General and *Owen S. Boling*, Deputy Attorney General, for appellee.

ACHOR, J.—The appellant was charged by indictment with murder in the first degree. Upon arraignment, appellant entered a plea of not guilty. The jury returned its verdict, finding appellant guilty of second degree murder, upon which sentence was announced.

The facts complained of are essentially as follows: After the jury had retired and was deliberating upon its verdict, one of the jurors called the court bailiff, who opened the door of the jury room and one of the jurors asked the bailiff to inquire of the judge what would be the possibilities of the appellant being paroled if found guilty of murder in the second degree. The bailiff left the jury room and later returned and orally reported that the judge said that it would be entirely up to the institution, whereupon varying opinions on that subject were expressed by one or more of the jurors and the bailiff, after which the bailiff closed the jury room door and left. From 30 to 45 minutes later the jury returned its verdict.

Appellant assigned these "irregularities in the proceedings of the jury" as cause for new trial. Admittedly, the general rule upon this subject is as follows:

> "Accused must be present when there is any communication between the judge and the jury, after their retirement, and his absence at such time is ordinarily reversible error. However, it has been held that this rule is not violated where the judge, in the absence of accused, communicates with the jury as to matters which do not affect the interest of accused which the jury are to consider, and that a violation will not vitiate the verdict where no prejudice results, particularly where counsel, after being informed of the occurrence, fails to move for a mistrial or to have the error corrected until after the verdict. . . ." 23 C. J. S., §974, p. 306.

It is appellee's contention first, that the error was of such a nature that no prejudice resulted, and that therefore it was within the above rule that "the violation will not vitiate the verdict."

Secondly, appellee asserts that the communication, if error, was of only such technical nature that by statu-

tory directive this court may not reverse the decision because of such error from which "no prejudice results." The statute relied upon is as follows:

"In consideration of the questions which are presented upon an appeal the court shall not regard technical errors or defects, or exceptions to any decision or action of the trial court which did not, in the opinion of the court to which the appeal is taken, prejudice the substantial rights of the defendant." §9-2320, Burns' 1942 Repl. (Acts 1905, ch. 169, §334, p. 584).

Appellee cites numerous cases independent of and in support of this statute, in which this court has held that judgments fairly entered will not be reversed because of "technical errors or defects." *Rickard* v. *The State* (1881), 74 Ind. 275; *Shular* v. *State* (1903), 160 Ind. 300, 66 N. E. 746; *McClanahan* v. *State* (1954), 233 Ind. 365, 118 N. E. 2d 434. See also 41 A. L. R. 2d 227. We concur in the principle of law upon which those cases are based. However, we do not concur in the application of the principle which appellee here urges. The information here conveyed from the court regarding the possibility of parole was not a mere "technical error or defect" within the meaning of §9-2320, *supra*. Neither can we say, as a matter of law, that no prejudice resulted from the communication.

The information regarding the possibility of parole conveyed by the court to the jury via the bailiff, was in the nature of an instruction. It dealt with the consequences,—the punishment,—to which the law subjected the accused by reason of the crime charged. Therefore, it was a part of the trial.

The rights of the appellant with regard to the issue here presented have their origin in the Constitution

of the State of Indiana, in the statutes of the state and in numerous decisions of our courts. The pertinent constitutional provision is Art. 1, §12 of the Constitution of Indiana, which provides in part as follows: "All courts shall be open; and every man, for injury done to him in his person, property, or reputation, shall have remedy by due course of law. . . ."

The Legislature has implemented the above constitutional guarantee by the enactment of the following statute:

> "No person prosecuted for any offense punishable by death or by confinement in the state prison or county jail shall be tried unless personally present during the trial." §9-1801, Burns' 1942 Repl. (Acts 1905, ch. 169, §222, p. 584).

Pursuant to the above constitutional and statutory provisions and the basic concepts of our common law jurisprudence, our courts in numerous decisions have established and followed the rule that all communications from the judge to the jury pertaining to the substantive rights of the defendant and not merely with the physical requirements of the jury, must be made in open court, in the presence, or within the knowledge of the accused and his counsel so that the accused may not be deprived of his right to except thereto, or to ask for additional instructions by reason of additional matters considered. *Hogg* v. *State* (1856), 7 Ind. 551; *Fish* v. *Smith* (1859), 12 Ind. 563; *Roberts* v. *State* (1887), 111 Ind. 340, 12 N. E. 500; *Quinn* v. *The State* (1892), 130 Ind. 340, 30 N. E. 300; *Danes et al.* v. *Pearson* (1892), 6 Ind. App. 465, 33 N. E. 976; *Coolman* v. *State* (1904), 163 Ind. 503, 72 N. E. 568; *Fina* v. *United States* (1931), 46 F. 2d 643; *Miles* v. *State* (1944), 222 Ind. 312, 53 N. E. 2d 779. See also *Dean* v. *State* (1955), 234 Ind. 568, 130 N. E. 2d 126.

This court has consistently followed the precedent established in the early cases of *Hogg* v. *State, supra* and *Hall* v. *State* (1856), 8 Ind. 439. Upon this issue this court has held in the case of *Bryant* v. *State* (1933), 205 Ind. 372, 186 N. E. 322, that an instruction discussing the court's right to suspend sentence, stating that the jury might safely trust to the court the right performance of the duty and responsibility imposed on the court with respect thereto, was objectionable.

Furthermore, we have held that, when facts constituting misconduct and irregularities in the jury's deliberations are shown sufficient to raise a question of doubt as to the fairness and impartiality in the deliberations as to the verdict, prejudice may be conclusively presumed. *Coolman* v. *State, supra,* (163 Ind. 503, 72 N. E. 568).

For a very able discussion of the question before us, we quote from the case of *Coward* v. *Commonwealth* (1935), 164 Va. 639, 641, 646, 178 S. E. 787, 798, 799-800, as follows:

> "After the jury had retired to its room, it returned and inquired of the court 'what time the defendant would get off while he was confined in jail.' To this inquiry the court replied: 'The law is that the jailor shall also keep a record of each convict, and for every month that any convict appears by such record to have faithfully observed the rules and requirements of the jail while confined therein, and not to have been subjected to discipline for violation of same, there shall, with the consent of the judge, be deducted from the term of confinement of such convict ten days.
>
> "Thereupon the accused moved the court to declare a mistrial because it had made this reply to the inquiry of the jury."

After analyzing the decisions of the various states the court concluded its opinion as follows:

"The net result is this: It is error for the court, by its instructions, . . . to tell the jury that its sentence imposed and confirmed may be set aside or cut down by some other arm of the State. It is their duty to inflict such punishment as appears to be just and proper and this is the full measure of their duty. It is also true that courts often hold that this admitted error, if not harmless, is sufficient to sustain a reversal. It is harmless where a minimum sentence is imposed and it is harmless in murder cases when the sentence is death, and generally it is of little importance where the court in itself fixes the penalty.

". . . it is plain error to tell the jury that under an established rule and in the ordinary course of events such sentence as it may impose will not be suffered, but will be substantially diminished. In the instant case this is what the jury wanted to know, and its purpose in seeking information is too plain for argument. These jurors should have been told that it was their duty, if they found the accused guilty, to impose such sentence as seemed to them to be just. What might afterwards happen was no concern of theirs. . . ."

In the present case the information communicated by the judge to the jury was related to the substantive rights of the accused. It was not made in open court in the presence of the accused. It raised a doubt as to the fairness and impartiality in the deliberations of the jury, therefore "prejudice may be conclusively presumed." *Coolman* v. *State*, 163 Ind. 503, *supra*. Also, it constituted reversible error for the reason that the communication was not made in open court, in the presence of the accused.

When confronted with the circumstances here presented, if, in the opinion of the judge the question merited an answer, the jury should have been called back to the court room and instructed in open court in the presence of the defendant that it was the duty of

the jury to find the defendant either guilty or not guilty of the offense charged, and that in deciding this question the possibility of parole was not an issue for the jury to decide.

Judgment is therefore reversed with instructions to sustain appellant's motion for new trial.

NOTE.—Reported in 133 N. E. 2d 51.