CLARENCE FOSTER *v.* STATE OF INDIANA.

[No. 776S215. Filed October 5, 1977. Rehearing denied May 26, 1978.]

*William C. Erbecker,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Charles D. Rodgers,* Deputy Attorney General, for appellee.

PRENTICE, J.—Defendant (Appellant) was charged with the commission of a felony (robbery) while armed, Ind. Code (Burns 1975) 35-12-1-1. He was tried by jury, convicted and sentenced to imprisonment for a term of fifteen years. This direct appeal presents two issues:

(1) Whether or not the evidence was sufficient to sustain a verdict.

(2) Whether or not the trial court erred by engaging in a written communication with the jury after it had commenced deliberation and in the absence of the defendant.

Undisputed evidence disclosed that a lone, black male entered an Indianapolis business house, forced the employees into a back office at gunpoint and demanded and obtained the contents of the safe and of the employees' wallets. The only issue concerning the sufficiency challenge is whether or not the defendant was that person.

## ISSUE I

The evidence identifying the defendant as the bandit was the testimony of three eyewitnesses. They testified concerning their pre-trial identification of him from photographs

and further identified him in trial. The defendant contends that this identification testimony was insubstantial in the face of the unequivocal testimony of several alibi witnesses and the in-trial confession of his brother, Larry, who resembled him.

The defendant has cited innumerable cases where we reversed for insufficiency of the evidence, has quoted extensively from Wall's Eye Witness Identification in Criminal Cases and has pointed out some inconsistencies in the testimony of the eye-witnesses. However, the cases cited are inapplicable, because in each the reviewing court found an absence of substantial probative evidence. Whereas, in this case, there was such evidence. There was conflicting evidence which was both substantial and probative. Upon the record, the defendant's evidence is persuasive, but so is that of the State. In such cases, we are not at liberty to override the jury's verdict. Although the interrogatory from the jury discussed under Issue II herein did indicate that it was having difficulty in its deliberation, we, nevertheless, cannot say that no reasonable man could conclude from the evidence, beyond a reasonable doubt, that the defendant was the man the State's witnesses saw perpetrate the crime. Obviously testimony of the State's witnesses was directly opposed to that of the defendant's alibi witnesses, and the jury had to choose which it would believe and which it would not believe. Such is the basic function and purpose of the jury, and the circumstances of this case well illustrates the wisdom of our established rule of appellate review.

"When the sufficiency of the evidence is raised as an issue upon appeal, this Court will consider only that evidence of probative value most favorable to the State, together with all logical and reasonable inferences which may be drawn therefrom. If such evidence and inferences would permit a reasonable trier of fact to find the existence of each element of the crime charged beyond a reasonable doubt, the verdict will not be disturbed." *Baum* v. *State,* (1976) 264 Ind. 421, 345 N.E.2d 831, 834.

## ISSUE II

After the jury had commenced its deliberation, they sent a written inquiry to the judge. The question was:

"Should Larry Foster be tried for this offense, can his confession be used against him in spite of the fact that three eyewitnesses have identified Clarence Foster? We would like these answers to determine Larry Foster's credibility."

The court replied by written note and in the absence of the defendant and his counsel.

"The Ct. cannot answer these questions. Your verdict must be based solely on the evidence presented in this trial."

The defendant complains that this communication with the jury was reversible error, since it occurred without his presence. He relies upon *Miles* v. *State*, (1944) 222 Ind. 312, 53 N.E.2d 779; *Dean* v. *State*, (1955) 234 Ind. 568, 130 N.E.2d 126 and *Deming* v. *State*, (1956) 235 Ind. 282, 133 N.E.2d 51.

Both *Miles* and *Dean* recognized a defendant's constitutional right to be present at all stages of the criminal proceeding, under Article I, Section 13 of the Indiana Constitution and that reversible error would be presumed from his absence. *Deming*, focused more upon the nature of the communication to the jury and the effect it might have had upon fair deliberation, rather than upon a defendant's absolute right to be present when the communication took place. In *Deming*, the court answered the jury's question concerning the defendant's chance for parole. In the case before us, the defendant does not assert that the substance of the court's communication to the jury was improper. Rather, he relies upon the error as being per se reversible.

In *Harris* v. *State*, (1967) 249 Ind. 681, 231 N.E.2d 800, *Dean* v. *State, supra,* was expressly overruled insofar that it held communications to the jury in the defendant's absence to be per se reversible error. We there held that the inference

of prejudice arising from the deprivation of a defendant's constitutional right to be present at all stages of his trial could be rebutted and the error held to be harmless. Defendant has alluded to the apparent difficulty the jury was having with the credibility question, as indicated by the interrogatory, as having some particular significance in the determination of this issue. However, he has not disclosed to us how the judge's response could have conceivably borne upon the issue. It is difficult to imagine a more innocuous response, and we have no hesitancy in saying that the communication was harmless, beyond a reasonable doubt.

We find no reversible error, and the judgment of the trial court is affirmed.

Givan, C.J. and DeBruler, Hunter and Pivarnik, JJ., concur.

NOTE.—Reported at 367 N.E.2d 1088.