CHARLES R. YOUNG *v.* STATE OF INDIANA

[No. 3-278A35. Filed June 26, 1978. Rehearing denied August 7, 1978.]

*Harriette Bailey Conn, [Mrs.],* Public Defender of Indiana, *Robert W. Hammerle,* Deputy Public Defender, *David P. Freund,* Deputy Public Defender, *Bobby Jay Small,* Deputy Public Defender, for appellant.

*Theodore L. Sendak,* Attorney General of Indiana, *Michael Gene Worden,* Deputy Attorney General, for appellee.

HOFFMAN, J.—Defendant-appellant Charles R. Young was charged by information with theft of an automobile pursuant to IC 1971, 35-17-5-3 (Burns Code Ed.).[1] Trial by jury resulted in a finding of guilty and entry of conviction thereon. Young was sentenced to the Indiana Department of Correction for a period of not less than one nor more than ten years and fined in the amount of $1,500 plus costs.

The two issues raised on appeal concern whether the trial court erred in denying Young's motion for a continuance for purpose of investigating one of the State's witnesses and whether there was sufficient evidence as a matter of law to support the conviction.

The evidence most favorable to the State reveals that Young went to Jordan Ford used car lot on Saturday, January 15, 1977, and talked with a salesman about the purchaser of a 1972 Torino station wagon. The salesman having had a previous experience selling a car to appellant

---

1.   IC 1971, 35-17-5-3 (Burns Code Ed.) provides in pertinent part:

"Theft in general.—A person commits theft when he (1) knowingly:

(a)   obtains or exerts unauthorized control over property of the owner; or

$$* * * * *$$

(2)   either:

(a)   intends to deprive the owner of the use or benefit of the property; or

$$* * * * *$$

(c)   uses, conceals or abandons the property in such manner as knowingly to deprive the owner of such use or benefit; or

(d)   uses, conceals or abandons the property knowing such use, concealment or abandonment probably will deprive the owner of such use or benefit."

This section was repealed effective October 1, 1977. For savings clause see Acts 1977, P.L. 340.

agreed to allow him to take the car for an hour to ostensibly show it to his wife. Several hours later when the appellant failed to return, the salesman assumed something had gone wrong and began to search for the automobile. As a result he discovered that the address Young had left was that of a burned-out house. He continued to search for the car and went back to the lot at regular intervals to check. By Monday, January 18, 1977, the loss of the car was reported to the Mishawaka Police Department.

State's witness Billy David Cooley testified that appellant had stayed with him in Peru, Indiana, for two days just prior to the Saturday in question. Young apparently left Peru that morning without an automobile thereafter returned to about 5:00 or 6:00 in the afternoon with a Ford Torino station wagon. At that time appellant asked Cooley to go with him to Ohio to see his wife. Appellant explained to Cooley that the automobile belonged to her. While enroute about 2:00 or 3:00 in the morning the pair became stuck in a snow bank on a country road near Hillsboro, Ohio. As a result appellant borrowed ten dollars from Cooley and went for help. Cooley, however, remained with the car eventually being picked up by someone in a truck. Thereafter they had no contact with each other having returned to Indiana by different means.

Appellant first contends that the trial court erred in denying his oral and written motions for continuance which were requested prior to trial. Young asserts that he was entitled to the continuances because of the State's failure to comply with the discovery order entered by the trial court on March 7, 1977. It is argued that this precluded proper investigation of Billy Cooley's potential as a witness.

Generally the granting of a motion for a continuance is within the sound discretion of the trial court. *Blevins v. State* (1973), 259 Ind. 618, 291 N.E.2d 84. In order to demonstrate an abuse of discretion the record must reveal that the defendant was prejudiced by the failure to grant the motion. *White v. State* (1975), 263 Ind. 302, 330 N.E.2d 84. Young has failed to demonstrate such prejudice.

Appellant knew that Billy Cooley was a witness for the State on September 7, 1977, five days before trial. However, it wasn't until the actual commencement of proceedings that counsel for Young specifical-

ly requested time to disuss the case with Cooley. The trial court at that time stated that it would give sufficient time to the defense counsel to investigate the witness. Thereafter counsel spoke with Cooley at noontime that day prior to his direct examination by the State. Upon reconvening after the noon recess, the trial court stated that it would hold the witness overnight and give defense counsel additional time to interview the witness should he feel further cross-examination necessary. This offer was not taken advantage of nor was a further continuance requested at anytime.

There is nothing in the record to indicate how this procedure prejudiced appellant. Ample opportunity was accorded counsel to overcome any disadvantage by virtue of the late notice of Billy Cooley's testimony. While not exemplary, the State's behavior was more than compensated for by the trial court. Appellant merely seeks to take unrealistic advantage of a situation that has caused him no harm. *Pinkerton v. State* (1972), 258 Ind. 610, 283 N.E.2d 376.

Appellant's challenge to the sufficiency of the evidence goes to whether there was a showing of the requisite intent to deprive Jordan Ford of the 1972 Ford Torino. Specifically, Young argues that there was no evidence of probative value that he exerted unauthorized control over the property of the owner or that he intended to deprive him of the use or benefit thereof.

While it is true that appellant was initially authorized the use of the car, it is clear from the record that such was for no more than a test drive. The salesman testified that he made numerous attempts to locate the car and discovered only that appellant's address was incorrect and that the car could not be found. The involvement of Cooley discloses that appellant brought the automobile directly to Peru, Indiana, and from there that the two drove to Ohio, clearly an action not in the nature of a test drive. While Young's evidence was to the contrary, a jury could find beyond a reasonable doubt that this evidence, coupled with the actual location of the vehicle near Hillsboro, Ohio, was sufficient as a matter of law to show unauthorized control over the property and an intent to deprive the owner thereof. *Foster v. State* (1977), 267 Ind. 79, 367 N.E.2d 1088.

Accordingly, having demonstrated no reversible error, the judgment of the trial court must be affirmed.

Judgment affirmed.

Staton, J. concurs.

Lowdermilk, J., participating by designation, Concurs.

NOTE—Reported at 377 N.E.2d 422.