Daniel **CAPE**, Appellant (Defendant below),

v.

**STATE of Indiana**, Appellee (Plaintiff below).

No. 379S77.

Supreme Court of Indiana.

Feb. 20, 1980.

John R. Politan, Indianapolis, for appellant.

Theodore L. Sendak, Atty. Gen., Terry G. Duga, Deputy Atty. Gen., Indianapolis, for appellee.

HUNTER, Justice.

The defendant, Daniel Cape, was convicted by a jury of burglary, a class A felony, Ind.Code § 35–43–2–1 (Burns 1979); robbery, a class A felony, Ind.Code § 35–42–5–1 (Burns 1979); and rape, a class A felony, Ind.Code § 35–42–4–1 (Burns 1979). He was sentenced to a determinate term of imprisonment of thirty years on each count and raises several issues on appeal. However, due to our disposition of this case on defendant's first allegation of error, we need only consider the following two issues:

1. Whether it was reversible error to allow the jury to listen to the replaying of prior testimony while the defendant was not present; and

2. Whether there was sufficient evidence to support defendant's conviction of robbery as a class A felony.

A summary of the facts from the record most favorable to the state reveals that the following incidents took place during the evening of December 1, 1977. The victim, Mrs. P., who was seventy-three years old, was watching television in her home. At approximately 9:00 p. m., the doorbell rang. Mrs. P. went to the door and heard someone call her by name. She undid the larger bolt on her door in order to hear better, and a man hit the door with his shoulder, breaking the door chain and knocking Mrs. P. to the living room floor.

The man, whom Mrs. P. later identified as the defendant, grabbed her, slapped her across the face and started dragging her through the living room. The defendant told her that he wanted her money and that if she did not give him $1,500 he would kill her. Then defendant started choking her and Mrs. P. begged him, "Please don't do this to me." Finally he pushed her onto the floor in the kitchen and raped her. He took her purse and briefcase and jerked the telephone cord out of the wall. During Mrs. P.'s struggle with defendant, a tenant who

lived upstairs in the home called the police. They arrived in time to arrest defendant before he could escape. Mrs. P. testified that she was in fear for her life during the attack.

## I.

Before the jury retired for their deliberations the trial judge told them that if there was a genuine disagreement as to any portion of important testimony they would be able to come back into court and hear a replay of the tape of the testimony. Then at one point during their deliberations, the jury did ask to hear the testimony of defendant and a defense witness played back to them. The record shows that the jury returned to the courtroom and the court reporter played the requested portions of the testimony for them. The prosecuting attorney was present in the back of the courtroom but neither defendant nor his attorney was present, nor is there any indication in the record of an attempt to notify them. We agree with defendant that this was a violation of his constitutional right to be present at every critical stage of the proceeding against him.

■ It is fundamental that both the Sixth Amendment of the United States Constitution and our Indiana Constitution, Article 1, § 13 guarantee the right of an accused to be present during his trial. This Court has consistently held that this right includes the right to be present in the courtroom at every stage of the proceedings which requires the presence of the jury. *Harris v. State,* (1967) 249 Ind. 681, 231 N.E.2d 800; *Dean v. State,* (1955) 234 Ind. 568, 572, 130 N.E.2d 126, 128. If this right can be waived at all, such waiver should be expressly given by defendant. *Miles v. State,* (1944) 222 Ind. 312, 53 N.E.2d 779. Defendant in the instant case made no such waiver.

Defendant's attorney has submitted an affidavit stating that he had left his office number with the court, that he was in his office during the period of the jury deliberations, and that neither he nor defendant was called or notified of the jury's request.

There is nothing in the record to show whether or not there was any attempt made at this time to notify either defendant or his attorney of the request of the jury. Even our statute which approves the replaying of testimony to the jury expressly states this:

"shall be given in the presence of, or after notice to, the parties or their attorneys." Ind.Code § 34–1–21–6 (Burns 1973).

■ Therefore, it is inescapable that the trial court committed error in failing to have defendant present at the time the jury heard portions of the trial testimony replayed. It is true that we have held that an allegation of irregularity in a motion for new trial, to the effect that defendant was involuntarily absent from any stage of the proceedings without a waiver, raises a *rebuttable* presumption that prejudicial error has been committed and that such presumption may be overcome by countervailing affidavits filed by the state. *Harris v. State,* (1967) 249 Ind. 681, 690–91, 231 N.E.2d 800. However, in this case, no counter affidavits were filed.

■ The fact that neither defendant nor his counsel was present when the jury heard the replay of the testimony is undisputed; nor is there any denial that both he and his counsel were nearby and readily available to be brought into the courtroom. Therefore, it was reversible error for the trial court to allow the jury to hear a replay of portions of the testimony without the presence of defendant and his counsel. For this reason the judgment of the trial court must be reversed.

It is not necessary to discuss any other assigned errors except one which involves the correct interpretation of the statute under which defendant was charged with robbery as a class A felony.

## II.

Defendant alleges that since there was no evidence of his being armed with a deadly weapon he cannot be convicted of robbery as a class A felony.

Our robbery statute, Ind.Code § 35–42–5–1 (Burns 1979 Repl.) reads:

"A person who knowingly or intentionally takes property from another person or from the presence of another person:

"(1) By using or threatening the use of force on any person; or

"(2) By putting any person in fear; "commits robbery, a class C felony. However, the offense is a class B felony if it is committed while armed with a deadly weapon, and a class A felony if it results in either bodily injury or serious bodily injury to any other person."

Defendant contends that this robbery statute sets out three different classes of robbery and must be interpreted to mean that said classes of robbery are to escalate upward with a further element added to each class. He contends that class C involves the basic elements of robbery; class B adds the element of being armed with a deadly weapon; and class A adds the further element of bodily injury or serious bodily injury. He contends that this interpretation must be reached because of the word "and" between the definitions of class B and class A robberies.

We do not agree with defendant's interpretation of this statute. Although penal statutes are to be strictly construed against the state, they are not to be overly narrowed so as to exclude cases they fairly cover. *State v. Bigbee,* (1973) 260 Ind. 90, 292 N.E.2d 609. In this statute, it appears the legislature has prescribed additional punishment when either of two aggravating circumstances is present. The use of a deadly weapon in perpetrating a robbery may lead to injury or death and is statutorily discouraged by being classified as a class B felony. The actual infliction of injury upon another person, either while armed or not, is an even more serious evil and is discouraged by a separate penalty.

The use of a comma after the definition of the class B felony and before the definition of the class A felony indicates that the legislature intended the classes to be separate and not cumulative. Furthermore, any other interpretation would mean that the infliction of bodily injury as an additional evil would go unpunished in certain fact situations similar to those in the instant case and the statute would thus be impermissibly narrowed. Although we are not paragons of perspicuity, we are of the opinion that when the statute is given its common-sense meaning, it is clear the legislature has provided separate punishments against two separate evils.

We now hold that the statute does not require that a person be armed with a deadly weapon in order to be convicted of a class A felony under Ind.Code § 35–42–5–1 (Burns 1979 Repl.) where serious bodily injury is shown.

For the above reasons, the judgment of the trial court is reversed and the cause is remanded with instructions to grant defendant a new trial to be conducted in a manner not inconsistent with this opinion.

Judgment reversed and cause remanded.

GIVAN, C. J., and DeBRULER, PRENTICE and PIVARNIK, JJ., concur.