Lois Ruth CHILDERS, Appellant,

v.

STATE of Indiana, Appellee.

No. 3–879A221.

Court of Appeals of Indiana,
Third District.

July 16, 1980.

Jay T. Seeger, Robert A. Mucker, John R. Gambs, Heide, Gambs & Mucker, Lafayette, for appellant.

Theodore L. Sendak, Atty. Gen., Carmen L. Quintana, Deputy Atty. Gen., Indianapolis, for appellee.

GARRARD, Presiding Judge.

Lois Ruth Childers was convicted by a jury of involuntary manslaughter. During the course of the jury's deliberation, the jury submitted a written interrogatory to the trial judge which read as follows,

"On the verdict Involuntary Manslaughter: Do we take this verdict in its entirety or would we chose which part— example 1 or 2 or 3 or would this mean we would have to agree that she would be guilty on all these parts or none of these."

The judge, the prosecuting attorney and defense counsel discussed the communication in the trial judge's chambers. The judge drafted a response and defense counsel was granted permission to file written objection thereto. As the jury was being brought into the courtroom, defense counsel raised the question of Childers' absence. The trial judge acknowledged her absence but proceeded to read his response to the jury which read as follows,

"In response to your question, the Court instructs you that to find the Defendant guilty of involuntary manslaughter, you need not designate on the verdict form which one or more of the three parts you find the Defendant guilty of.

You must, however, all agree on the same one of the three parts you find the Defendant guilty of.

If you all agree that the Defendant is not guilty of all three parts or cannot all agree on which one of the three parts the Defendant is guilty of, you cannot return a verdict of guilty of Involuntary Manslaughter.

I direct your attention to the word "or" appearing at the end of the first part and the end of the second part."

Childers contends that the trial court's communication with the jury which concerned her substantive rights and which took place outside her presence without a waiver of her right to be present was a violation of her constitutional rights and constitutes reversible error.

■ The trial court committed error in communicating with the jury in Childers' absence. It is well settled that a defendant has a constitutional right to be present at all stages of the criminal proceeding. *Foster v. State* (1977), 267 Ind. 79, 367 N.E.2d 1088; *Harris v. State* (1967), 249 Ind. 681, 231 N.E.2d 800; *Decker v. State* (1979), Ind.App., 386 N.E.2d 192; *Constitution of Indiana*, art. I, § 13. Furthermore, as pointed out in *Harris*, defense counsel cannot waive this right on behalf of an accused. 231 N.E.2d 804. However, communication with the jury in the defendant's absence is not per se reversible error. While the denial of a defendant's constitutional right to be present raises an inference of prejudice, such inference can be rebutted by the state and the error held to be harmless. *Foster v. State, supra; Harris v. State, supra.*

In *Foster*, the trial judge's response that he could not answer the jury's question and that the jury must base its verdict solely on the evidence presented at trial was found to be harmless error beyond a reasonable doubt. Likewise, in *Harris*, the trial court's questioning of the jury as to its ability to reach a verdict was held to be non-prejudicial to the defendant.

However, it has often been held that,

"  .   .   [A]ll communications from the judge to the jury pertaining to the substantive rights of the defendant and not merely with the physical requirements of the jury, must be made in open court, in the presence, or within the knowledge of the accused and his counsel so that the accused may not be deprived of his right to except thereto, or to ask for additional instructions by reason of additional matters considered."

*Deming v. State* (1956), 235 Ind. 282, 286, 133 N.E.2d 51, 53.

Thus, in *Decker*, the jury asked if the gun used had to be a real gun as opposed to a toy gun in order for the defendant's action

to constitute armed robbery. Without the knowledge or presence of the defendant, the court sent the jury a written response. This communication was found to be prejudicial and constituted reversible error.[1] This court stated,

> "The information relayed to the jury by the court clearly pertained to the substantive rights of the Defendant and were certainly references to matters which were very relevant to the jury deliberation. In this regard, it matters not that the court had good intentions nor that the instructions were correct and favorable to the Defendant. These factors may tend to explain the nature and circumstances of the improper contact but do not correct it."

*Decker v. State* (1979), Ind.App., 386 N.E.2d 192, 204.

In the instant case, the trial judge was called upon to explain the elements of the offense of involuntary manslaughter by further comment on the instructions given the jury. Such communication clearly pertained to the substantive rights of Childers and the matter was very relevant to the jury's deliberation. The question was not asked until the jury had deliberated for seven hours. An hour after the explanation, the jury returned a verdict of guilty of involuntary manslaughter. It is impossible for the court to conclude that the communication was harmless beyond a reasonable doubt.

Reversed.

HOFFMAN and STATON, JJ., concur.

---

1. This discussion in *Decker* is dicta as the court further found that the defendant had not prop-erly presented the error for review.