Arthur GREEN, Appellant
(Defendant below),

v.

STATE of Indiana, Appellee
(Plaintiff below).

No. 683S244.

Supreme Court of Indiana.

Nov. 9, 1984.

Steven R. Crist, Singleton, Levy, Crist & Johnson, Highland, for appellant.

Linley E. Pearson, Atty. Gen., Latr“alle Wheat, Deputy Atty. Gen., Indianapolis, for appellee.

HUNTER, Justice.

The defendant, Arthur Green, was convicted by a jury of murder, Ind.Code § 35–42–1–1 (1979 Burns Repl.), and was sentenced to a prison term of forty-five years. He raises the following issues in this direct appeal:

1. Whether the evidence was sufficient to support his conviction;

2. Whether he was improperly denied his right to be present at voir dire;

3. Whether the trial court erred in allowing the state to cross-examine him regarding an alleged attempted escape; and

4. Whether the cross-examination regarding the escape attempt constituted prosecutorial misconduct.

### I.

■ The defendant claims the evidence was insufficient to support the jury's verdict. He contends that testimony at trial supported his claim that he acted either in defense of his companion or in sudden heat. It is well settled that we will neither reweigh the evidence nor judge the credibility of witnesses. *Garland v. State*, (1983) Ind., 444 N.E.2d 1180. We will look only to that evidence most favorable to the state. *Id.* If there is substantial evidence of probative value to support the jury's decision, it will not be disturbed. *Id.*

■ The facts from the record most favorable to the state are that the defendant approached some children, one of whom was the victim's son, and asked for their bicycles. He showed them his gun, threatened them with it, then left. Later, the victim approached the defendant and his companion, asked to speak with them about the confrontation with the children, and was shot by the defendant without having made any threatening gestures and before revealing his own gun.

Although the defendant's version differs from that of the state's witnesses, the jury apparently believed the latter. The evidence most favorable to the state was sufficient to support the verdict that the defendant knowingly and intentionally killed the victim absent provocation or sudden heat.

### II.

■ When court convened for the selection of a jury in the defendant's case, the defendant appeared in his jail uniform marked "Lake County Jail." The trial court noted his attire and stated that the defendant could not be forced to appear before the jury in jail garb, but that the court intended to proceed with the jury selection. The defendant explained that his mother was to have delivered his other clothing that morning but that she had not arrived. The following exchange then took place:

> BY THE COURT: "What is the defendant's choice? Does he wish to be present in identifiable jail clothing while picking his jury, or does he choose not to be present?"

> BY DEFENDANT'S COUNSEL: "One minute, Your Honor. It is the decision of the defendant, Your Honor, to waive the appearance for the selection of the jury, and he should be in civilian attire come Wednesday, when we pick up."

The jury was selected in the defendant's absence.

The defendant now maintains that he was denied his right to be present at every critical stage of the proceedings against him. He claims he was denied that right because the court presented him with only two choices—to appear before the jury in jail attire or to be absent during voir dire.

The defendant is correct in his assertion of his right to be present at the proceedings against him. *See, Cape v. State*, (1980) 272 Ind. 609, 400 N.E.2d 161; *Miles v. State*, (1944) 222 Ind. 312, 53 N.E.2d 779. Our holdings to that effect, however, have left open the possibility of a waiver of such a right. *Id.* We find that the facts of this case warrant the conclusion that the defendant expressly and voluntarily waived his right to be present when his jury was selected notwithstanding the alternative with which he was presented.

First, the defendant's trial had been scheduled four months ahead of the date on which he appeared, seemingly ample time to arrange for civilian clothing. Also, the defendant did not request a continuance or object to the court's statement that they would proceed. Then, after consultation, his attorney expressly stated the de-

fendant would waive his right to be present. We find no error here.

III.

[redacted] The defendant next claims that the court committed reversible error when it allowed the state to cross-examine him regarding his attempted escape from jail which occurred while he was incarcerated pending the instant trial. The record reveals the following cross-examination and responses:

Q. "You also tried to escape from the Lake County Jail a week ago Tuesday, didn't you, Mr. Green?"

A. "Yes."

BY MR. LEWIS: "Objection. Objection, Your Honor, It's totally irrelevant."

BY THE COURT: "Overruled. You may answer."

BY THE WITNESS: A. "That's what the sergeant says."

BY MS. O'HALLORAN: Q. "In fact, didn't you try to go out under somebody else's name who posted bond?"

A. "Yes, like the guy was supposed to let me make a phone call, and when he called for Cornelius Anderson, I had left out, for me to use the phone, and he thought I was Anderson."

Q. "Didn't you tell the man whose name you were using that if he didn't let you do it, you would beat him up?"

A. "Would you mind repeating that?"

Q. "When the other man was supposed to be released, for example, posted bond, didn't you threaten him unless he let you go in his place?"

A. "No, I did not."

Q. "But you did try to escape, didn't you?"

A. "No, I did not."

Q. "Didn't you get all the way down to the first floor of the jail, Mr. Green?"

A. "No, I did not."

Q. "How far did you get?"

A. "Right to the elevator."

Q. "Didn't you represent yourself to be someone else?"

A. "No, I did not."

Q. "It's your testimony you were just on your way to make a phone call?"

A. "Right."

The defendant argues, without citation to authority, that this line of questioning was impermissible because the state did not substantiate its accusation of an escape attempt. We believe the questioning was improper impeachment because, apparently, the defendant was not convicted of the attempt. Impeachment based on the commission of an unrelated crime is not allowed unless the crime has been reduced to a conviction. *Ashton v. Anderson,* (1972) 258 Ind. 51, 279 N.E.2d 210. Nonetheless, we cannot find reversible error in light of the eyewitness accounts, including that of the defendant's companion, to the effect that the defendant shot and killed the victim without provocation. *See, Williams v. State,* (1982) Ind., 433 N.E.2d 769. In the face of this evidence of guilt, any error here was harmless.

IV.

[redacted] The defendant maintains that the state's questioning of the defendant regarding his escape attempt constituted prosecutorial misconduct because, he claims, the questions were groundless. He asserts that he denied the accusation that he attempted escape and that, therefore, it was the duty of the state to show its questions were based in fact.

First, although the defendant ultimately denied the escape attempt, his initial response when asked whether he tried to escape was, "Yes." He also acknowledged that he got as far as the elevator. His responses indicate that the prosecutor's questions were not unfounded.

Second, even assuming, *arguendo,* that the prosecutor's conduct was improper, either because the questions were groundless or because the state failed to substantiate them, we could not find that the defendant was thereby placed in "grave peril." *See, Maldonado v. State,* (1976) 265 Ind. 492, 355 N.E.2d 843. As we stated above, the jury heard eyewitness accounts

of the killing. Therefore, we do not believe the mention of the escape attempt, even if misconduct, could have had a great enough effect on the jury's decision to constitute "grave peril." *Id.* We are not persuaded by the defendant's argument.

For all the foregoing reasons, there was no trial court error and the decision of the trial court should be affirmed.

Judgment affirmed.

GIVAN, C.J., and DeBRULER and PI-VARNIK, JJ., concur.

PRENTICE, J., dissents.