85 F.3d 631
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Arthur GREEN, Petitioner-Appellant,
v.
Jack DUCKWORTH, Respondent-Appellee.
 No. 95-2867.
 United States Court of Appeals, Seventh Circuit.
 Submitted May 7, 1996.*
Decided May 10, 1996.
 
 Before FLAUM, EASTERBROOK and ROVNER, Circuit Judges.
 
 Order
 
 1
 Arthur Green, a convicted murderer, seeks a writ of habeas corpus under 28 U.S.C. § 2254. Green and a companion demanded that a child give Green his bicycle. When the child refused, Green displayed a gun. The child's father later confronted Green about this incident; Green shot and killed the father, and was convicted of murder. See Green v. State, 470 N.E.2d 333 (Ind.1984). Green has exhausted all avenues of review in state court. The federal district court denied his application for collateral review.
 
 
 2
 At the heart of Green's position is his insistence that he killed the victim in sudden heat, committing manslaughter rather than murder as Indiana defines those crimes. An argument resting on state law encounters the obstacle that § 2254 does not authorize a federal court to issue the writ because of an error of state law. See Gilmore v. Taylor, 508 U.S. 333 (1993). So far as the federal constitution is concerned, Indiana is free to assign to the accused the burden of persuasion on defenses such as "sudden heat". See Patterson v. New York, 432 U.S. 197 (1977). If the instructions making that allocation were mistaken under Indiana law, it was for the state rather than the federal courts to say so. And even if the particular allocation in this case was so gravely mistaken that some federal issue arises, a declaration to that effect cannot be made on collateral review. So Gilmore held with respect to a similar argument under Illinois law--an argument considerably strengthened by the decision of the Supreme Court of Illinois that the burden-allocation instructions were mistaken under state law. As things stand here, however, we must assume that the instructions correctly stated Indiana law; and there is neither an adequate constitutional objection to that allocation nor any warrant for retroactive creation of a new rule of constitutional law. Recasting the argument as a contention that his lawyers failed to ensure that the state courts followed state law does not alter this outcome. The sixth amendment's grant of counsel is not an indirect means to enforce state law under § 2254. See United States v. Gregory, 74 F.3d 819, 823 (7th Cir.1996).
 
 
 3
 Jackson v. Virginia, 443 U.S. 307 (1979), does require us to ensure that the evidence was sufficient, given the way the state has elected to define the crime of murder. Like the district judge (and the state judges before him), we have no doubt that the evidence permitted rational jurors to find beyond a reasonable doubt that Green committed murder. Witnesses testified that Green opened fire without provocation. Green presented contrary evidence, but the jury could believe the prosecutor's witnesses.
 
 
 4
 The Supreme Court of Indiana did identify one error of state law in the trial: the court held that the prosecutor should not have been allowed to elicit evidence that Green tried to escape from prison while awaiting trial. The court concluded that introduction of this evidence was harmless error. We need not replicate the harmless-error inquiry, because the initial question is whether the Constitution of the United States requires states to exclude evidence of attempted escape. See Estelle v. McGuire, 502 U.S. 62 (1991); Brecht v. Abrahamson, 944 F.2d 1363, 1366-68 (7th Cir.1991), affirmed, 507 U.S. 619 (1993). Green has not located any case holding that such exclusion is required, and the logical similarity of attempted escape to evidence of flight from arrest--which is routinely used as evidence of consciousness of guilt--implies that there is no constitutional problem.
 
 
 5
 Finally, Green contends that in considering his conviction for post-conviction relief, the state's appellate court improperly reweighed the evidence. This argument is most likely forfeited, because Green did not seek review of this issue in the Supreme Court of Indiana. As we held in Hogan v. McBride, 74 F.3d 144 (7th Cir.1996), forfeiture is a question of state law, and Indiana requires litigants to seek review in its Supreme Court when the asserted error is one introduced by the court of appeals. Pinkston v. State, 479 N.E.2d 79 (Ind.App.1985). Once again, however, Green would not benefit if the issue were available for decision on the merits. The allocation of authority between trial and appellate courts in Indiana is one of that state's own law. No rule of federal law precludes state appellate courts from weighing evidence when evaluating claims of error; indeed, the Supreme Court has held that, for purposes of collateral review under § 2254, findings of fact by state appellate courts are as conclusive as those made by state courts of first instance. Sumner v. Mata, 449 U.S. 539, 545-47 (1981). So there is no constitutional problem, and the judgment is
 
 
 6
 AFFIRMED.**
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 **
 On April 24, 1996, while this case was pending on appeal, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. 104-132, 110 Stat. 1214. Title I of this Act significantly curtails the scope of federal collateral review of state convictions and sentences. We need not decide in this case to what extent the amendments in the Act apply to petitions pending when the Act was signed into law, or what effect those amendments have if they apply, because, even under the more expansive scope of review permitted prior to the Act, the petitioner in this case is not entitled to relief