## SOUTHERN INDIANA GAS AND ELECTRIC COMPANY
### *v.* WALTER ROBERTSON.

[No. 1-276A13. Filed September 16, 1976.]

*Robert H. Hahn, Mark L. Phillips, Bamberger, Foreman, Oswald and Hahn,* of counsel, of Evansville, for appellant.

*Michael K. Phillips, Wayne A. Roell,* of Boonville, for appellee.

## CASE SUMMARY

LOWDERMILK, J.—Defendant-appellant Southern Indiana Gas and Electric Co. (SIGECO) appeals from a judgment and verdict in favor of plaintiff-appellee Walter Robertson.

We reverse.

## FACTS

Robertson commenced this action to recover for personal injuries and property damage sustained when he drove over the top of a hill and was unable to stop without striking the last vehicle in a line of traffic stopped by a SIGECO employee behind a SIGECO truck which was parked partially on a highway in Warrick County.

On July 15, 1975, counsel for Robertson gave notice that witness Thomas R. Hamilton would be deposed on July 19, 1975, the deposition to be used at trial because the witness would be out of the state on the trial date.

On July 30, 1975, counsel for SIGECO received a copy of the deposition which had been neither read nor signed by Hamilton. On that date SIGECO filed its "objections to the deposition of Thomas R. Hamilton" which stated, *inter alia*:

"The defendant, Southern Indiana Gas and Electric Company, Inc., objects to the introduction into evidence of the deposition of Thomas R. Hamilton for each of the following separate and several reasons, to-wit:

\* \* \*

2. The deposition, after transcription, was not submitted to the deponent, read to or by him and signed."

Once the trial began the next day, counsel for SIGECO again objected to the use of the deposition of Hamilton. The trial court overruled said objection on the ground that SIGECO had waived the defect in the deposition.

## ISSUES

1.  Whether the trial court erred in admitting all or parts of the deposition of Hamilton.

2.  Whether the trial court erred in giving its Instructions Nos. 7.03, 9.01, or 15.01 or by refusing to give SIGECO's Tendered Instruction No. 6.

3.  Whether the jury's verdict was excessive.

4.  Whether there was impropriety in the jury's deliberations.

## DECISION

ISSUE ONE:

SIGECO's initial contention is that the trial court's admission of the deposition of Hamilton was error in that Hamilton had not inspected or signed said deposition.

Under Ind. Rules of Procedure, Trial Rule 30 (E), a witness has the right to examine, read and make changes in his deposition. These rights cannot be waived solely by the acts of the parties; the witness must join in the waiver. TR. 30 (E).

In the instant case, the deposition of Hamilton was not prepared until after he had left the state. There is nothing in the record to indicate that either he or SIGECO waived his right to have the deposition submitted for his inspection.

TR. 30 (E) further provides:

". . . the deposition shall then be signed by the witness, unless the parties by stipulation waive the signing or the witness is ill or cannot be found or refuses to sign. . . ."

In the case at bar, SIGECO did not stipulate to a waiver of Hamilton's signature. Nor was there a showing that Hamilton was unable or unwilling to sign the deposition.

Ind. Rules of Procedure, Trial Rule 32 (D) (4) states that a defect in the signature of a deposition is waived "unless a motion to suppress the deposition . . . is made with reason-

able promptness after such defect is, or with due diligence might have been, ascertained." SIGECO's objections were made and filed with the trial court on the day it received a copy of the deposition, which was the day before trial.

We hold that SIGECO's "objections to the deposition of Thomas R. Hamilton," *supra,* satisfied the requirement of TR. 32(D)(4).

We therefore conclude that the trial court erred in holding the defect in the deposition of Hamilton to be waived and in admitting into evidence said deposition, which did not conform to TR. 30(E). See *Jones* v. *Wittenberg* (N.D. Ohio 1973), 357 F.Supp. 696.

We need not discuss SIGECO's other allegations of error. *Bundy* v. *Ambulance Indianapolis Dispatch, Inc.* (1973), 158 Ind. App. 99, 301 N.E.2d 791.

Although we understand and appreciate the trial court's efforts to avoid the expense and the waste of time and effort involved in delaying the trial until TR. 30(E) could have been complied with, we nevertheless must reverse the trial court's judgment.

Reversed and remanded.

Robertson, C.J. and Lybrook, J., concur.

NOTE.—Reported at 354 N.E.2d 348.