**L.C. BROWN, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 682S228.**

Supreme Court of Indiana.

Feb. 15, 1983.

James J. Nagy, Munster, for appellant.

Linley E. Pearson, Atty. Gen., G. Douglas Seidman, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

Appellant was charged by information with one count of Armed Robbery. After his first trial ended in a mistrial due to a deadlocked jury, he was tried again before another jury and found guilty. He was sentenced to a twelve (12) year term of imprisonment.

The facts are as follows: Between 2:00 and 2:30 A.M. on October 16, 1980, a car with two men inside pulled into Watkins Shell service station in Gary. The driver asked the attendant, Maurice Bishop, for three dollars' worth of gas. After Bishop had pumped the gas he turned to find the driver had emerged from the car and was leveling a sawed-off shotgun at him demanding money. After cash was surrendered to the driver of the car, the assistant manager of the station, Tobbie Young, emerged from the garage area and was also robbed. The two men then fled. Both Bishop and Young identified appellant as the perpetrator of the crime. Appellant took the witness stand and denied participation in the crime. He stated he was "partying" at a Gary motel earlier in the evening and left the motel at about midnight and walked to his sister's house where he stayed until about 3:00 A.M. Appellant's sister corroborated his testimony.

Appellant claims the evidence is insufficient to support the verdict of the jury.

On sufficiency of the evidence questions we do not reweigh the evidence nor judge the credibility of witnesses. *Menefee v. State,* (1981) Ind., 417 N.E.2d 302.

It is apparent that in the case at bar the jury chose to believe witnesses Bishop and Young and to disbelieve appellant and his sister. It was entirely within the jury's prerogative to do so. The evidence is sufficient to sustain the conviction.

In a related claim appellant charges the trial court with error in denying his Motion for a Directed Verdict. For the reasons stated above we hold the trial court did not err in denying the motion. Moreover, appellant presented evidence in his own behalf and thus waived any claim of error in regard to denial of a motion for a directed verdict. *Bivins v. State,* (1982) Ind., 433 N.E.2d 387.

Appellant claims the verdict cannot stand because venue was not proven by a preponderance of the evidence. Appellant has waived this error by not including it in the Motion to Correct Error. *Hooks v. State,* (1980) Ind., 409 N.E.2d 618.

Appellant claims he was subjected to double jeopardy when he was tried the second time after the jury was discharged in his absence. In his brief he asserts the discharge occurred at 3:00 A.M. on September 18, 1981, and that neither he nor his attorney was present when the discharge occurred. He cites *State v. Wilson,* (1875) 50 Ind. 487, for the proposition a discharge of the jury in the defendant's absence is the equivalent of an acquittal and thus further prosecution of the defendant for that offense is barred by the double jeopardy clause of the Fifth Amendment to the United States Constitution.

The defendant's presence in the courtroom is required at every stage of the proceedings which requires the presence of the jury. *Harris v. State,* (1967) 249 Ind. 681, 231 N.E.2d 800. The discharge of the jury is such a stage of the proceedings. *State v. Wilson, supra.* However, the record in this case does not indicate whether appellant was present when the jury was discharged. The law in Indiana is that the defendant is presumed to have been present at those times when his presence in court is required unless the contrary is shown by the record. *Campbell v. State,* (1897) 148 Ind. 527, 47 N.E. 221. Therefore in this case it is presumed appellant was present in the courtroom when the jury was discharged.

A party who claims error bears the burden of producing a record which bears out his claim. *Smith v. State,* (1977) 267 Ind. 167, 368 N.E.2d 1154. In the case at bar appellant has not met this burden by failing to overcome the presumption he was present in the courtroom when the dis-

charge occurred. We thus have nothing in the record on which to base a reversal on this issue.

 We further note the question of whether or not appellant was present in the courtroom when the jury was discharged was not raised in the Motion to Correct Error. Thus, the question has been waived by appellant. *Hooks, supra.*

The trial court is in all things affirmed.

HUNTER, PRENTICE and PIVARNIK, JJ., concur.

DeBRULER, J., concurs in result.