Michael **GALLAGHER,**
**Defendant-Appellant,**

v.

**STATE of Indiana, Plaintiff-Appellee.**

**No. 1–184A19.**

Court of Appeals of Indiana,
First District.

Aug. 14, 1984.

Priscilla L. Seaborg, Monroe County Deputy Public Defender, Bloomington, for defendant-appellant.

Linley E. Pearson, Atty. Gen., Joseph N. Stevenson, Deputy Atty. Gen., Indianapolis, for plaintiff-appellee.

RATLIFF, Judge.

## STATEMENT OF THE CASE

Michael Gallagher appeals from a conviction for forgery, a class C felony. We affirm.

## FACTS

Michael Gallagher was arrested with William McBride for forging a doctor's signature on a prescription for Talwin.[1] The prosecution entered into a plea agreement with McBride in exchange for his testimony at trial against Gallagher. Record at 492–93. Less than a week before trial, defense counsel took the deposition of McBride in the presence of the state but Gallagher, the defendant, was absent. McBride was questioned only by defense counsel during the deposition. On the first day of the trial, McBride did not appear despite the issuance of a subpoena. On the second day, a police officer testified as to his inability to locate McBride and the state moved to admit the witness' deposition pursuant to Indiana Rules of Procedure, Trial Rule 32. The deposition, which was the state's only direct evidence against Gallagher, was admitted into evidence over the objections of defense counsel that T.R. 32 was not satisfied and that Gallagher's confrontation right was violated because he was never provided with the opportunity to confront McBride face-to-face. The jury convicted Gallagher of forgery and he appeals.

## ISSUES

The issues presented for review are restated as follows:

1. Did the admission at trial of a deposition requested, and taken, by defense counsel but outside the presence of the defendant violate the Indiana and United States Constitutional guarantee of confrontation?

2. Did the trial court err in finding that the testimony of the witness was admissible pursuant to T.R. 32?

---

1. Talwin is synthetic morphine.

## DISCUSSION AND DECISION

*Issue One*

■■ Gallagher initially claims that his right of confrontation was violated because he was absent when the deposition was taken.[2] The defendant argues that he had a right to be present during the deposition because it constituted a critical stage in the proceedings against him. *Childers v. State,* (1980) Ind.App., 408 N.E.2d 1284. We have found no Indiana case that provides a defendant the right to be present at a deposition taken prior to the actual trial. *Jones v. State,* (1983) Ind., 445 N.E.2d 98. The right to be present during all critical stages of the proceedings requires only that the defendant be present during his trial. *Illinois v. Allen,* (1970) 397 U.S. 337, 90 S.Ct. 1057, 25 L.Ed.2d 353, *reh. denied* 398 U.S. 915, 90 S.Ct. 1684, 26 L.Ed.2d 80; *Snyder v. Massachusetts,* (1934) 291 U.S. 97, 54 S.Ct. 330, 78 L.Ed. 674; *Bowen v. State,* (1975) 263 Ind. 558, 564, 334 N.E.2d 691, 695. *See also, State v. Dolen,* (1980) Fla.App., 390 So.2d 407.

■■ The next argument raised by Gallagher poses a much more difficult question. He argues that the deposition should not have been admitted because he never had the opportunity to physically confront McBride. It has been held that before a deposition can be used against a defendant at trial, confrontation requires the defendant to have been present at the deposition. *United States v. Benfield,* (8th Cir.1979) 593 F.2d 815; *Collins v. State,* (1971) 12 Md.App. 239, 278 A.2d 311, *aff'd* 265 Md. 70, 288 A.2d 163 (1972). However, these cases are distinguishable because both involved situations where the deposition was taken at the request of the prosecution for the purpose of preserving the witness' testimony for admission at trial as a substitute for live testimony. We believe, although it is unnecessary for us to decide, that when the state takes a witness' deposition to perpetuate the testimony for use at trial, the defendant and his counsel should be given notice of the deposition and an opportunity to confront and cross-examine the witness. *See* Indiana Rules of Procedure, Trial Rule 30(B); *see also,* Federal Rules of Criminal Procedure 15. *See State v. Wilkinson,* (1980) 64 Ohio St.2d 308, 415 N.E.2d 261; *cf. Jones,* 445 N.E.2d at 100. If this procedure is followed the trend is to allow the deposition to be admitted at trial as substantive evidence if the witness is unavailable. *Ohio v. Roberts,* (1980) 448 U.S. 56, 73, 100 S.Ct. 2531, 2542–43, 65 L.Ed.2d 597, 612 (preliminary hearing testimony subject to cross-examination admissible); *United States v. Knop,* (7th Cir.1983) 701 F.2d 670; *United States v. Steele,* (3rd Cir.1982) 685 F.2d 793, *cert. denied* 459 U.S. 908, 103 S.Ct. 213, 74 L.Ed.2d 170. Indeed, we believe that the admission of a deposition at trial which was taken in the absence of the defendant *or* his counsel could be so fundamentally unfair as to violate the defendant's due process rights. *California v. Green,* (1970) 399 U.S. 149, 186 n. 20, 90 S.Ct. 1930, 1950 n. 20, 26 L.Ed.2d 489, 513 (Harlan, J., concurring).

■■ However, in the present case McBride's deposition was not taken at the request of the prosecution and was not taken to preserve testimony for trial. Defense counsel requested the deposition and conducted it. The fact that the state never even asked questions during the deposition

---

2. Ind. Const. art. 1 § 13 states:
   "In all criminal prosecutions, the accused shall have the right to a public trial, by an impartial jury, in the county in which the offense shall have been committed; to be heard by himself and counsel; to demand the nature and cause of the accusation against him, and to have a copy thereof; to meet the witnesses face to face, and to have compulsory process for obtaining witnesses in his favor."
   U.S. Const. amend. 6 states:
   "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the state and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the assistance of counsel for his defense."

indicates the prosecution expected the witness to appear at trial. Therefore, the deposition was not the type which required the presence of the defendant to satisfy confrontation. Furthermore, the confrontation clause has never been held to be absolute. *Ohio v. Roberts,* 448 U.S. at 63, 100 S.Ct. at 2537, 65 L.Ed.2d at 605–06; *Mattox v. United States,* (1895) 156 U.S. 237, 243, 15 S.Ct. 337, 340, 39 L.Ed. 409, 411; *Alspach v. State,* (1982) Ind.App., 440 N.E.2d 502. For us to hold under the facts presented that the lack of a face-to-face confrontation between Gallagher and McBride violated confrontation would be contrary to existing precedent. *Dutton v. Evans,* (1970) 400 U.S. 74, 91 S.Ct. 210, 27 L.Ed.2d 213 (hearsay admissible); *United States v. Garner,* (4th Cir.1978) 574 F.2d 1141, *cert. denied* 439 U.S. 936, 99 S.Ct. 333, 58 L.Ed.2d 333 (grand jury testimony admissible); *United States v. West,* (4th Cir.1978) 574 F.2d 1131 (grand jury testimony admissible); *Alspach,* 440 N.E.2d at 502 (hearsay admissible). Hearsay is generally admissible if it meets a well-rooted hearsay exception despite the fact that the one who makes the statement never comes face-to-face with the defendant. *See generally, Roberts,* 448 U.S. at 66, 100 S.Ct. at 2539, 65 L.Ed.2d at 608; *see also United States v. Carlson,* (8th Cir.1976) 547 F.2d 1346, 1355–60, *cert. denied* 431 U.S. 914, 97 S.Ct. 2174, 53 L.Ed.2d 224. Similarly, under the circumstances of this case, confrontation was not violated even though Gallagher never had an opportunity to physically confront McBride.

■ Next we must determine whether the admission of the deposition at trial violated confrontation. Prior to 1982, Indiana Code section 35–1–31–8 provided that when

defense counsel takes a deposition on behalf of the defendant, any objection based on confrontation is waived if the state subsequently seeks to admit the deposition at trial.[3] *Roberts v. State,* (1978) 268 Ind. 348, 354–55, 375 N.E.2d 215, 220. In *Roberts v. State,* the deposition at issue was taken by defense counsel prior to the trial of a separate charge of theft and used against the defendant during his trial for murder. Our supreme court found that the defendant had waived his right to confront the deponent at trial. Although this statute was subsequently repealed,[4] we believe *Roberts v. State* is still controlling and Gallagher's right to object on confrontation grounds was waived. The defendant argues that the right of confrontation cannot be waived by his counsel. However, courts have found a valid waiver of confrontation even though the normal formalities of a constitutional waiver were absent. *See United States v. Goldstein,* (9th Cir.1976) 532 F.2d 1305, *cert. denied* 429 U.S. 960, 97 S.Ct. 384, 50 L.Ed.2d 327; *cf. United States v. Thevis,* (5th Cir.1982) 665 F.2d 616, *cert. denied* 456 U.S. 1008, 102 S.Ct. 2300, 73 L.Ed.2d 1303.

■ Furthermore, even if there was no valid waiver, the admission of the deposition still did not violate confrontation. *Roberts v. State,* 375 N.E.2d at 220 (DeBruler, J., concurring). The admission of an out-of-court statement does not violate confrontation if it appears that the witness was unavailable to testify at trial and that the statements admitted contain sufficient indicia of reliability. *Ohio v. Roberts,* 448 U.S. at 65, 100 S.Ct. at 2538, 65 L.Ed.2d at 607. In the present case, unavailability was clearly shown by the state. McBride was subpoenaed to testify at trial but

---

**3.** Indiana Code section 35–1–31–8 provided:
"A defendant, by leave of court, or by written notice to the prosecuting attorney, may take the depositions of witnesses residing within or without the state, to be read on the trial; and the request of the defendant for such leave of court, or the giving by him of such notice to the prosecuting attorney, shall be deemed a waiver of his constitutional right to object to the taking of depositions of witnesses by the state, relative to the same matter, to be read

on the trial: Provided, that leave to take such depositions be given the state, or notice of the taking of such depositions be given to the defendant by the prosecuting attorney."

**4.** Indiana Code section 35–37–4–3 replaced Indiana Code section 35–1–31–8 and states: "The state and the defendant may take and use depositions of witnesses in accordance with the Indiana Rules of Trial Procedure."

failed to appear. Upon his failure to appear, the state requested that a bench warrant issue for McBride's arrest. Record at 217. The state also attempted to locate the witness by using the National Crime Computer. Record at 230. In addition, the police contacted McBride's bondsman, ex-wife, and mother to aid in locating the witness. Record at 231–35. A policeman also went to McBride's last known address. Unavailability was, therefore, established because the witness could not be located despite a good faith effort by the prosecution. *Id.* at 75–76, 100 S.Ct. at 2543–44, 65 L.Ed.2d at 613–15.

■ Our next inquiry is whether the deposition contained sufficient indicia of reliability. In *Ohio v. Roberts* the United States Supreme Court faced a similar fact situation. At a preliminary hearing, defense counsel called a witness who proceeded to directly incriminate the defendant. At trial this witness was unavailable and the preliminary hearing testimony was admitted over defendant's confrontation objection. The Court found that even though defense counsel called the witness, his questioning at the preliminary hearing constituted cross-examination in form and purpose which enabled the Court to conclude that the pre-trial testimony contained sufficient indicia of reliability. *Id.* at 70–73, 100 S.Ct. at 2541–43, 65 L.Ed.2d at 610–12. In the present case, the manner of questioning at the deposition, as well as the fact that McBride received a plea agreement in exchange for his testimony against Gallagher, make it clear that defense counsel considered McBride an adverse witness.

Furthermore, the deposition is replete with leading questions which are the principal tool of cross-examination. *Id.* at 70–71, 100 S.Ct. at 2541, 65 L.Ed.2d at 610–11. The deposition is complete and comprehensive; it includes a total of 607 questions and takes up 80 pages in the transcript. Record at 514–95. McBride testified under oath to questions regarding his perception and memory of the incidents surrounding the crime. *Id.; see also, Roberts v. State*, 375 N.E.2d at 221 (DeBruler, J., concurring). McBride was also questioned at length concerning his truth and veracity and possible bias. Record at 480–93.[5] This type of questioning was, in both form and purpose, cross-examination and thus, the deposition contained sufficient indicia of reliability and was properly admitted at trial.

*Issue Two*

The next argument is that McBride's testimony was not a deposition but merely a sworn statement because the formalities of a deposition were not complied with. Gallagher concludes that the statement was therefore not admissible under T.R. 32(A)(3)[6] and was in reality inadmissible hearsay. The major defect in the deposition's form was that it was neither signed by the witness nor was signature waived.

■ We first note that the admission of a deposition at trial will be affirmed by this court unless it appears that such admission constituted an abuse of discretion. *Jarvis v. State*, (1982) Ind., 441 N.E.2d 1, 7; *see also,* Indiana Rules of Procedure, Trial Rule 32(A). Indiana Rules of Procedure, Trial Rule 30(E)[7] requires

---

5. Defense counsel questioned McBride about the details of the plea agreement.

6. Trial Rule 32(A) *"Use of depositions...*.

(3) The deposition of a witness, whether or not a party, may be used by any party for any purpose if the court finds:

....

(d) that the party offering the deposition has been unable to procure the attendance of the witness by subpoena; ..."

7. "(E) Submission to witness—Changes—Signing.

(1) When the testimony is fully transcribed, the deposition shall be submitted to the witness for reading and signing and shall be read to or by him, unless such reading and signing have been waived by the witness and by each party. 'Submitted to the witness' as used in this subsection shall mean (a) mailing of written notification by registered or certified mail to the witness and each attorney attending the deposition that the deposition can be read and examined in the office of the officer before whom the deposition was taken, or (b), mailing the original deposition, by registered or certified mail, to the witness at an address

that the witness be permitted to review the transcript of his deposition and then sign it. However, T.R. 30(E)(3) and (4) provide for the use of a deposition at trial even though it is unsigned.[8] Also, the defendant never argues that any inaccuracy exists in the substance of the deposition. We conclude that the absence of both a signature and formal waiver of signature does not necessarily preclude the admission of a deposition under T.R. 32(A). Gallagher directs us to the seemingly mandatory language of the rule and the case of *Southern Indiana Gas & Electric Co. v. Robertson* (1976) 170 Ind.App. 655, 354 N.E.2d 348, where this court held that the trial court erred by admitting an unsigned deposition into evidence. In *Southern Indiana* the witness' deposition was taken prior to trial because the witness was going to be out of the state at the time of the trial. The court stated that the trial judge should have delayed the trial until the witness' signature could have been obtained. If the trial judge in the present case had continued the trial until the deposition complied with T.R. 30(E), such a delay could have lasted forever. McBride was not simply out of the state. His whereabouts were unknown and he could not be located despite diligent efforts. It was not known when, or even if, McBride would be located and to delay trial pending compliance with T.R. 30(E)

would have been unreasonable.[9] Furthermore, McBride disappeared within four or five days after his deposition. (Appellee's brief at 11.) The state had only a very short time within which to get the deposition transcribed, reviewed and signed by McBride before he disappeared. Under these circumstances, we believe the trial judge did not abuse his discretion in admitting the deposition despite the absence of the signature.

■ Gallagher next argues McBride's testimony was not a deposition because written notice was never sent to the State as required by T.R. 30(B)(1). We understand the defendant's argument to be that because defense counsel did not send written notice to the state concerning the time and place of the deposition McBride's testimony lost its character as a deposition and was therefore not admissible under T.R. 32(A). We direct the defendant to T.R. 32(D)(1) which states: "(D) Effect of errors and irregularities in depositions. (1) As to notice. All errors and irregularities in the notice for taking a deposition are waived unless written objection is promptly served upon the party giving the notice...." This rule indicates that the only party that may complain about notice is the one who was to receive notice. Therefore we conclude that, in this case, the only

designated by the witness or his attorney, if requested to do so by the witness, his attorney, or the party taking the deposition.

(2) If the witness desires to change any answer in the deposition submitted to him, each change, with a statement of the reason therefore, shall be made by the witness on a separate form provided by the officer, shall be signed by the witness and affixed to the original deposition by the officer. A copy of such changes shall be furnished by the officer to each party.

(3) If reading and signing have not been waived by the witness and by each party the deposition shall be signed by the witness and returned by him to the officer within thirty (30) days after it is submitted to the witness. If the deposition has been returned to the officer and has not been signed by the witness, the officer shall execute a certificate of that fact, attach it to the original deposition and cause both to be filed with the Court. In such event, the deposition may be used by any

party with the same force and effect as though it had been signed by the witness.

(4) In the event the deposition is not returned to the officer within thirty (30) days after is has been submitted to the witness, the reporter shall execute a certificate of that fact and cause the certificate to be filed with the Court. In such event, any party may use a copy of the deposition with the same force and effect as though the original had been signed by the witness and filed with the Court by the officer."

8. See footnote 7 *supra*.

9. If McBride had been located and then signed the deposition its admission would have been improper since he would no longer be considered unavailable for purposes of confrontation. *See Barber v. Page*, (1968) 390 U.S. 719, 88 S.Ct. 1318, 20 L.Ed.2d 255; *cf. Mancusi v. Stubbs*, (1972) 408 U.S. 204, 92 S.Ct. 2308, 33 L.Ed.2d 293.

party who can challenge the propriety of the notice is the state since the deposition was taken at the request of defense counsel.

■ The defendant's final argument that McBride's testimony lacked the requisite formalities of a deposition is based on the contention that McBride was not subpoenaed to appear at the deposition. Gallagher reads T.R. 30(B)(2) as requiring the issuance of a subpoena demanding the witness to appear before pre-trial testimony can rise to the level of a deposition. Trial Rule 30(A)(2) states: "The attendance of witnesses *may* be compelled by the use of subpoena as provided in Rule 45. The deposition of a person confined in prison may be taken only by leave of court on such terms as the court prescribes. [Emphasis supplied.]" The use of the term *"may"* makes it obvious that defendant's argument is without merit.

In finding that McBride's testimony was in fact a deposition, we conclude it was properly admitted pursuant to T.R. 32(A)(3)(d).

Judgment affirmed.

NEAL, P.J., and ROBERTSON, J., concur.