Carlton STEVENSON, Appellant,

v.

STATE of Indiana, Appellee.

No. 49S02–9510–PC–01144.

Supreme Court of Indiana.

Oct. 11, 1995.

Kenneth T. Roberts, Roberts & Bishop, Indianapolis, for appellant.

Pamela Carter, Attorney General, Jodi Kathryn Rowe, Deputy Attorney General, Indianapolis, for appellee.

## ON PETITION TO TRANSFER

SULLIVAN, Justice.

A jury in the Marion Superior Court found Carlton Stevenson, defendant, guilty of Robbery, a Class B Felony,[1] on April 5, 1991, for the armed robbery of a bank in Indianapolis on December 2, 1988. The trial court sentenced the defendant to twenty years in prison on May 15, 1991. Defendant's Post Conviction Relief Petition was denied on December 7, 1993. Defendant appealed. In an order dated October 28, 1994, the Court of Appeals *sua sponte* dismissed defendant's appeal without opinion on grounds that the master commissioner who presided over de-

fendant's trial was not duly appointed as special judge and so had no authority to enter a final judgment or preside at defendant's sentencing hearing. In its transfer petition, the State argues that the defendant waived any objection to the allegedly improper assumption of authority by the master commissioner by failing to make a timely objection in the trial court and submitting to the authority of the master commissioner to act as judge *de facto*. After the Court of Appeals order was entered in this case, we resolved the issue of the commissioner's authority in such cases consistent with the State's position here. *Floyd v. State* (1994), Ind., 650 N.E.2d 28. We therefore grant the State's petition to transfer to resolve the other issues raised by defendant in the court below.

### Writ Of Habeas Corpus Ad Testificandum

On August 14, 1990, defendant filed a "Petition For Writ Of Habeas Corpus Ad Testificandum," in which he requested that James Otis King, who was then incarcerated in a federal correctional facility in Springfield, Missouri, be subpoenaed to testify at trial. Later, defendant filed a "Verified Motion To Compel Attendance Of James Otis King At State Of Indiana's Expense." In this motion, defendant stated that King would testify to events and circumstances surrounding a bank robbery that occurred on November 23, 1988, and a series of other bank robberies. None of these bank robberies about which King would testify was the one that defendant was accused of committing. Rather, defendant hoped to create doubt as to his own guilt based on testimony of King that King had committed similar crimes at a similar point in time.

On August 23, 1990, defense counsel filed a motion to continue the trial that was then set to begin on August 27, 1990, because King could not be transported to Indianapolis in time for trial. The trial court granted the motion and rescheduled the trial for December 10, 1990. On November 30, 1990, the State filed a motion to continue the trial set for December 10, 1990, because the deputy

---

1. Ind.Code § 35–42–5–1 (1988).

prosecutor had previously scheduled plans to be out of the state on that date. When defendant's trial finally occurred on April 4, 1991, defense counsel renewed the motion to have King subpoenaed to testify. The trial court denied the motion without comment.

Defendant asserts that the trial court erred when it denied his petition for a writ of habeas corpus ad testificandum. The State counters that the defendant waived review of this issue by failing to make an offer of proof of the nature of the proposed testimony[2] and, in the alternative, that the trial court did not err because the proposed testimony was not material or beneficial to defendant's case. "[R]uling on the propriety of a motion for subpoena for an incarcerated witness lies within the sound discretion of the trial court and . . . his ruling will not be disturbed absent a clear showing of an abuse of that discretion." *Eubank v. State* (1983), Ind., 456 N.E.2d 1012, 1015. In *Eubank* we also stated that the standard applicable to ruling upon a motion to produce a witness incarcerated in a penal institution is whether the defendant has shown that the testimony of the incarcerated witness is material to the case. *Eubank*, 456 N.E.2d at 1015 (citing *Owens v. State* (1981), Ind., 427 N.E.2d 880, 882).

Although it would have been appropriate for the trial court to state for the record its reasons for denying defense counsel's renewed motion for writ of habeas corpus ad testificandum after having previously granted the motion, in the absence of the defense requesting that such reasons be put on the record and on these facts, we cannot say that the trial court abused its discretion in denying the writ. Defendant makes no showing that the proposed witness had any knowledge or information of any kind regarding the crimes for which defendant was charged. Defendant asserts only that the proposed witness would have testified regarding the witness's commission of a robbery that occurred approximately two weeks prior to the robbery for which defendant was

charged and the commission of other unrelated robberies. Because defendant has made no showing that the proposed testimony was in any way germane to the crimes for which he was on trial, we cannot say that defendant made a sufficient showing that the proposed testimony was material to the case. Therefore, we conclude that the trial court did not abuse its discretion in denying defendant's petition for writ of habeas corpus ad testificandum.

### Ineffective Assistance Of Counsel

The Hon. John R. Barney, Jr., was to preside at defendant's trial. Upon learning that defendant's brother had been convicted of robbing Judge Barney's mother, defense counsel orally asked Judge Barney to recuse himself because of his possible prejudice. Judge Barney agreed. Later, during a pre-trial conference from which defendant was absent, defense counsel, the prosecutor, and Judge Barney agreed that Craig O. Wellnitz, a master commissioner employed in Judge Barney's court, would preside at defendant's trial.

Defendant claims that he was subjected to ineffective assistance of counsel because his lawyer allowed him to be absent from the pre-trial conference where the special judge was selected. Further, defendant claims that his right to be present at every critical stage of the proceedings against him under the Sixth and Fourteenth Amendments to the United States Constitution and his right to due process under the Fourteenth Amendment to the United States Constitution were violated by his absence.

When we review ineffective assistance of counsel claims we engage in a two part analysis. First, we determine whether the conduct that allegedly constitutes ineffective assistance of counsel was outside the broad range of professional competence thereby rendering counsel's act or omission unreasonable. *Lowery v. State* (1994), Ind., 640 N.E.2d 1031, 1041. Second, we determine whether the defendant has made a suf-

---

**2.** In his "Petition For Writ Of Habeas Corpus Ad Testificandum," defendant stated that King would testify regarding a series of bank robberies that occurred on or around December 2, 1988, the date of bank robbery for which defendant was charged. We think this was a sufficient offer of proof regarding the nature of the proposed testimony.

ficient showing that he was actually prejudiced as a result of counsel's professionally unreasonable conduct. *Id.* To show prejudice, a defendant must prove that his attorney's failure to function was so prejudicial that it deprived defendant of a fair trial. A fair trial is denied when the conviction or sentence results from a breakdown of the adversarial process that renders the result unreliable. *Id.* Here, we think defendant was denied effective assistance of counsel only if he had some right to be present at the pre-trial conference at issue. That is, if defendant had no right to be present, it was not ineffective assistance of counsel to allow him to be absent, and there would be, therefore, no need to resolve this issue using the traditional two-step analysis.

■ Defendant argues that he had a right to be present pursuant to the Confrontation Clause of the Sixth Amendment made applicable to state criminal proceedings by the Fourteenth Amendment. It is well settled law that a defendant has a Sixth Amendment right to be present at all critical stages of the criminal proceeding. *Illinois v. Allen,* 397 U.S. 337, 338, 90 S.Ct. 1057, 1058, 25 L.Ed.2d 353 (1970) (citing *Lewis v. United States,* 146 U.S. 370, 13 S.Ct. 136, 36 L.Ed. 1011 (1892)). However, this right to be present at all critical stages of the criminal proceeding requires only that a defendant be present during his trial. *Id.; Gallagher v. State* (1984), Ind.App., 466 N.E.2d 1382. Therefore, defendant had no Sixth Amendment right to be present at the *pre-*trial conference at issue.

■ Defendant also claims that his right to due process under the Fourteenth Amendment required that he be present at the pre-trial conference. Defendant contends that because Judge Barney recused himself for possible prejudice, the master commissioner who was employed in Judge Barney's court and who was selected to preside at defendant's trial, should have also recused himself. Defendant claims that had he been present at the pre-trial conference he would have objected to the appointment of Master Commissioner Wellnitz as special judge once he learned of Wellnitz's connection to Judge Barney. "[E]ven in situations where the de-

fendant is not actually confronting witnesses or evidence against him, he has a due process right 'to be present in his own person whenever his presence has a relation, reasonably substantial, to the fullness of his opportunity to defend against the charge.' " *Kentucky v. Stincer,* 482 U.S. 730, 745, 107 S.Ct. 2658, 2667, 96 L.Ed.2d 631 (1987) (quoting *Snyder v. Massachusetts,* 291 U.S. 97, 105–06, 54 S.Ct. 330, 332, 78 L.Ed. 674 (1934)). The *Snyder* Court also observed:

> Nowhere in the decisions of this court is there a dictum, and still less a ruling, that the Fourteenth Amendment assures the privilege of presence when the presence would be useless, or the benefit but a shadow. What has been said, if not decided, is distinctly to the contrary. *The underlying principle gains point and precision from the distinction everywhere drawn between proceedings at the trial and those before and after. Many motions before trial are heard in defendant's absence, and many motions after trial or in the prosecution of appeals.*

*Snyder,* 291 U.S. at 106–07, 54 S.Ct. at 332–33 (citations omitted) (emphasis added).

■ Defendant points to nothing in the record, and we find nothing, that indicates Master Commissioner Wellnitz was in fact prejudiced against him. Defendant's only claim is that we should impute prejudice on the part of the special judge because the special judge was a master commissioner employed in the same court as the trial judge who recused himself for possible prejudice. On these facts, we will not impute prejudice from a trial judge to a master commissioner employed in that judge's court. Because defendant has not shown that he would have had a fairer trial had he been present at the pre-trial conference and successfully precluded the master commissioner's appointment, *see Snyder,* 291 U.S. at 108, 54 S.Ct. at 333, we conclude that defendant's absence from the pre-trial conference did not impede the fullness of his opportunity to defend against the charge.

In sum, under either the Sixth and Fourteenth Amendments or under the Due Process Clause of the Fourteenth Amendment defendant had, on these facts, no right to be

present at the pre-trial conference where the special judge was selected. Therefore, counsel was not ineffective for allowing him to be absent.

Finally, Defendant asserts that he was subjected to ineffective assistance of counsel because his counsel failed to inform him that the special judge who presided at his trial was a master commissioner in Judge Barney's court. Defense counsel's failure to inform his client of the connection between Master Commissioner Wellnitz and Judge Barney may have been professionally unreasonable. See Ind.Professional Conduct Rule 6.1. However, even if we find counsel's omission unreasonable, defendant has not made a sufficient showing that counsel's unreasonable omission prejudiced his case.

At trial, the State presented video surveillance photographs from which defendant was identified, and four witnesses, including a defense witness, unequivocally identified the defendant in court as the perpetrator of the crime. Defendant's only support for his prejudice claim is that the judge's employer was Judge Barney, whose mother had been robbed by the defendant's brother. This does not constitute proof that counsel's omission caused a breakdown in the adversarial process that rendered the result unreliable. *Lowery,* 640 N.E.2d at 1041. Therefore, we reject this ineffective assistance of a counsel claim.

### Conclusion

We now vacate the order of the Court of Appeals dismissing Stevenson's appeal from the post conviction trial court. The trial court's denial of post conviction relief is affirmed.

SHEPARD, C.J., and DeBRULER, DICKSON and SELBY, JJ., concur.

