Joseph MORROW, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 49S00–9607–CR–498.

Supreme Court of Indiana.

Dec. 11, 1997.

M.E. Tuke, Indianapolis, for Appellant.

Jeffrey A. Modisett, Attorney General, and Katherine Modesitt, Deputy Attorney General, Indianapolis, for Appellee.

BOEHM, Justice.

Joseph Morrow appeals from convictions for conspiracy to commit murder, murder, and attempted murder. Morrow was tried and convicted on all three counts together with four co-defendants—Eddie Dean Gregory, Odell Marbley Darren Ridley, and Derrick Williams. The issues he raises in this direct appeal are identical in substance to issues we examined in either Williams' or Ridley's direct appeal, also decided today.

*Williams v. State,* 690 N.E.2d 162 (Ind.1997); *Ridley v. State,* 690 N.E.2d 177 (Ind.1997). Morrow contends that:

> (1) security measures imposed by the trial court impeded access to the courtroom in violation of the right to a public trial protected by § 13 of the Indiana Constitution and by the Sixth Amendment of the United States Constitution;

> (2) it was reversible error to admit certain evidence that should have been excluded under Indiana Evidence Rule 404(b);

> (3) the trial court erred in denying his motions to continue the trial in order to have time properly to assess belated discovery or, in the alternative, to exclude the discovery; and

> (4) it was error to order his sentence consecutive to a prior unrelated federal sentence, and the enhanced consecutive sentences were manifestly unreasonable.[1]

We affirm the convictions for conspiracy to commit murder and for murder. Because Indiana law prohibits conviction of both conspiracy and attempt to murder the same person, we reverse the conviction for attempted murder and remand for new sentencing.

Briefly, the defendants, members of a gang, planned to kill Stacey Reed in retaliation for Reed's interference in the gang's drug operations. The defendants amassed a stockpile of assault rifles, ventured to the apartment complex where they believed they would find Reed, and, standing shoulder to shoulder, blasted a hail of gunfire at a wall of the complex. A teenager was killed and a child was permanently injured. For a more detailed factual background, *see Williams,* 690 N.E.2d at 165.

Neither the public trial issue nor the Indiana Evidence Rule 404(b) issue requires independent discussion beyond that set forth in *Williams. Id.* at 172. As to the public trial issue, the security measures imposed during the trial affected all defendants equally. Because Morrow's contention on appeal is the same as Williams', our analysis of the issue

presented is also the same, and no reversible error is presented. Similarly, under Rule 404(b), Morrow lists the same assortment of weapons related and other evidence that Williams contended was inadmissible under 404(b). Accordingly, as we concluded in *Williams,* no reversible error was presented by the admission of this evidence.

■ Morrow contends that the trial court abused its discretion in denying his motion for a continuance, and his alternative motion to exclude late produced evidence. Like Ridley he contends that the belated discovery, some of which was delivered just days before trial, was deliberate and gave the State a tactical advantage. *Ridley,* 690 N.E.2d at 181–82. But also like Ridley, Morrow fails to convert his allegation into a showing of clear error and resulting prejudice, and accordingly does not show an abuse of discretion. *Vanway v. State,* 541 N.E.2d 523, 527 (Ind. 1989).

■ Morrow next contends that the trial court erred in ordering his sentence to be served consecutively to a prior unrelated federal sentence. As we stated in *Ridley,* 690 N.E.2d at 182, at the time of the shooting, Indiana Code § 35–50–1–2(a) provided an express grant of authority for a trial court to impose consecutive sentences, including the authority to order a sentence consecutive to that of another jurisdiction. *Penick v. State,* 659 N.E.2d 484, 489 (Ind.1995). Accordingly, this issue presents no error.

■ Finally, Morrow contends that his sentence was manifestly unreasonable and that the court did not consider any mitigating circumstances. Because we reverse the conviction for attempted murder, we consider this contention only with respect to the convictions for conspiracy to commit murder and murder. Morrow notes that the trial court found as aggravators his prior criminal history—including convictions for assisting a criminal to kill another, conspiracy to possess with intent to distribute cocaine, and carrying a firearm during drug trafficking—and the nature and circumstances of the crime—

---

**1.** Morrow also contends that the court improperly instructed the jury on the elements of attempted murder. Because we reverse the conviction

for attempted murder on other grounds, we do not address this claim.

an ambush resulting in the death and injury of a teenager and young boy. One aggravating factor is enough to justify an enhanced sentence. *Isaacs v. State,* 673 N.E.2d 757, 765 (Ind.1996). Given these aggravators, it was well within the trial court's discretion to impose enhanced consecutive sentences. Morrow contends the court should have found mitigating circumstances. For instance, Morrow cites his age—twenty at the time of the shooting—his background, and his "relatively limited experience with incarceration." However, the court is under no obligation to find mitigating factors. *Fugate v. State,* 608 N.E.2d 1370, 1374 (Ind.1993). Accordingly, Morrow's sentence was not manifestly unreasonable. Ind.Appellate Rule 17(B).

■ We affirm the convictions for conspiracy to commit murder and for murder. As explained in *Williams,* because Morrow was sentenced for both a conspiracy and an attempt for the same underlying crime, in direct conflict with Indiana Code § 35–41–5–3(a), we reverse the conviction for attempted murder. *Williams,* 690 N.E.2d at 171. In addition, for reasons stated in *Ridley,* on remand the trial court must include language in the sentencing order indicating that Morrow shall not be imprisoned for failure to pay any fines or costs assessed by the court.[2] *Ridley,* 690 N.E.2d at 182.

SHEPARD, C.J., and DICKSON, SULLIVAN and SELBY, JJ., concur.

---

2. Morrow, like Ridley, was fined $40,000 as part of his sentence and pauper appellate counsel was appointed for his appeal. Under *Whitehead v. State,* 511 N.E.2d 284, 296 (Ind.1987) fines may not be imposed on an indigent unless the sentencing order expressly states that the defendant shall not be imprisoned for failing to pay. The sentencing order omitted this statement. Although this is not an issue we ordinarily would raise sua sponte, because the issue was raised by a co-defendant from the same trial and the case must be remanded to vacate part of the conviction, we note that the new sentencing order should contain the appropriate language with regard to any assessment of fines or costs.