**Darren RIDLEY, Appellant (Defendant Below),**

**v.**

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 49S00–9609–CR–599.

Supreme Court of Indiana.

Dec. 11, 1997.

---

Kurt A. Young, Nashville, for Appellant.

Jeffrey A. Modisett, Attorney General, Andrew L. Hedges, Deputy Attorney General, Indianapolis, for Appellee.

BOEHM, Justice.

Darren Ridley appeals from convictions for conspiracy to commit murder, murder, and attempted murder. Ridley was tried and convicted on all three counts together with his four co-defendants—Eddie Dean Gregory, Odell Marbley, Joseph Morrow, and Derrick Williams. The events giving rise to his convictions are detailed in *Williams v. State,* 690 N.E.2d 162 (Ind.1997), also decided today. In this direct appeal, Ridley contends that:

(1) security measures imposed by the trial court impeded access to the courtroom in violation of the right to a public trial protected by § 13 of the Indiana Constitution and by the Sixth Amendment of the United States Constitution;

(2) his "right to be present at all critical stages of the proceedings" was violated due to his absence from several discussions between counsel for both sides and the court;

(3) the trial court erred in denying his motions to continue the trial in order to have time properly to assess belated discovery or, in the alternative, to exclude the discovery;

(4) it was error to order his sentence consecutive to a prior unrelated federal sentence; and

(5) it was error to assess him, as an indigent, for fines and costs without expressly

1. Ridley, unlike Williams, cites Article I, § 12 of the Indiana Constitution for the proposition that "All courts shall be open...." To the extent a single citation presents a cognizable issue for review, reliance on § 12 in this context is misguided. *See State ex rel. Post–Tribune Publ'g Co.*

stating that he would not be imprisoned for failure to pay.

We affirm the convictions for conspiracy to commit murder and for murder. Because Indiana law prohibits conviction of both conspiracy and attempt to murder the same person, we reverse the conviction for attempted murder and remand for new sentencing.

**Factual Background**

Briefly, the defendants, members of a gang, planned to kill Stacey Reed in retaliation for Reed's interference in the gang's drug operations. The defendants amassed a stockpile of assault rifles, ventured to the apartment complex where they believed they would find Reed, and, standing shoulder to shoulder, blasted a hail of gunfire at a wall of the complex. A teenager was killed and a child was permanently injured. For a more detailed factual background, *see id.* at 165.

**I. Right to a Public Trial**

The public trial issue requires no independent discussion beyond that set forth in *Williams. Id.* at 166. The security measures imposed during the trial affected all defendants equally. Because Ridley's contention on appeal is the same as Williams',[1] our analysis of the issue presented is also the same, and no reversible error is presented.

**II. Right to be Present at the Proceedings**

Ridley lists seven occasions during the proceedings when neither he nor any codefendant was present for discussions between counsel for both sides and the court. He contends that this absence violated his "right to be present at all critical stages of the proceedings" Specifically, Ridley was absent during each of the following:

(1) a pretrial hearing on the State's motion to redact juror identification information from juror questionnaires;

(2) a discussion resulting in the excuse of two jurors for hardship;

*v. Porter Superior Court,* 274 Ind. 408, 411, 412 N.E.2d 748, 751 (1980) (indicating that the open courts requirement of § 12 refers to the courts being open to the injured for legal redress and not to openness in the sense of being open to observation) (citing cases).

(3) the tender and rejection of preliminary instructions by the State and the defense;

(4) the transmission of a request that an alternate juror be excused;

(5) Ridley's counsel's motion to exclude an item of discovery received during the trial;

(6) the tender and acceptance of an exhibit related to the pre-trial motion for change of venue; and

(7) the court's announcement that agreement on final jury instructions was near.

Ridley cites four different sources for the right he relies on: the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, and § 13 of the Indiana Constitution, without clearly distinguishing among them. His reference to the Fifth Amendment appears in a string citation and is waived for failure to develop the claim. The remaining three sources guarantee a defendant a "right of presence" but they are not identical.[2] Accordingly, we discuss each in turn.

■ The Sixth Amendment right of the accused "to be present in the courtroom at every stage of his trial" is "[o]ne of the most basic of the rights guaranteed by the Confrontation Clause...." *Illinois v. Allen,* 397 U.S. 337, 338, 90 S.Ct. 1057, 1058, 25 L.Ed.2d 353 (1970). Because it is rooted in the Confrontation Clause, the Sixth Amendment right to be present is implicated when the absence of an accused results in a Confrontation Clause violation—for example, when witnesses or hearsay evidence are presented in the accused's absence affecting the opportunity to cross-examine. *Kentucky v. Stincer,* 482 U.S. 730, 737–38, 107 S.Ct. 2658, 2662–63, 96 L.Ed.2d 631 (1987). In the present case, the proceedings that occurred in Ridley's absence were not related to the presentation of witnesses or evidence. They dealt with jurors, jury instructions, evidence relevant to a pre-trial motion, and the belated receipt of an item of discovery—telephone ·subscriber information—that duplicated information al-

ready made available to the defendants. For the most part, these proceedings were non-substantive and none involved Ridley's right of cross examination under the Confrontation Clause. Accordingly, there was no Sixth Amendment violation.

■ In situations not implicating the Confrontation Clause, however, the right to be present may be guaranteed by the Due Process Clause of the Fourteenth Amendment. The accused has a due process right to be present in his own person "whenever his presence has a relation, reasonably substantial, to the fulness of his opportunity to defend against the charge.... [T]he presence of a defendant is a condition of due process to the extent that a fair and just hearing would be thwarted by his absence and to that extent only." *United States v. Gagnon,* 470 U.S. 522, 105 S.Ct. 1482, 84 L.Ed.2d 486 (1985) (quoting *Snyder v. Massachusetts,* 291 U.S. 97, 105–06, 54 S.Ct. 330, 332, 78 L.Ed. 674 (1934)). In sum, "a defendant is guaranteed the right to be present at any stage of the criminal proceeding that is critical to its outcome if his presence would contribute to ·the fairness of the procedure." *Stincer,* 482 U.S. at 745, 107 S.Ct. at 2667.

■ Ridley contends that what he could or would have contributed to these discussions is unknown because he was not present. But this is not enough. The defendant has the burden to show how his presence could contribute to a more reliable determination of the fact at issue. If a defendant can contribute or gain nothing from attending the proceeding, then his due process right is not violated. *Id.; see also Hovey v. Calderon,* 1996 WL 400979, at *10 (N.D.Cal. July 10, 1996). Ridley has not shown, or attempted to show, how any of these proceedings were critical to the outcome of the trial or how his presence would have contributed to the fairness of the procedure. *Stincer,* 482

---

**2.** For the most part, Ridley equates the right of presence under § 13 of the Indiana Constitution with the Sixth Amendment right. He cites cases that analyze the two rights in the same breath. *Stevenson v. State,* 656 N.E.2d 476 (Ind.1995); *Kiner v. State,* 643 N.E.2d 950 (Ind.Ct.App.1994);

*Gallagher v. State,* 466 N.E.2d 1382 (Ind.Ct.App. 1984). Yet he also cites a case that turns solely on a § 13 claim, *Childers v. State,* 408 N.E.2d 1284 (Ind.Ct.App.1980), and quotes from § 13 directly. Accordingly we treat the federal and state claims separately.

U.S. at 745, 107 S.Ct. at 2667. Accordingly, his due process claim fails.[3]

■■■ Finally, Ridley cites Article I, § 13 of the Indiana Constitution. Section 13 protects a defendant's right to be present at every stage of a criminal proceeding which requires the presence of the jury.[4] *James v. State,* 613 N.E.2d 15, 24 (Ind.1993); *Brown v. State,* 445 N.E.2d 82, 83 (Ind.1983) (citing *Harris v. State,* 249 Ind. 681, 231 N.E.2d 800 (1967)). Waiver of the right must be done expressly and must be done by the defendant. *Miles v. State,* 222 Ind. 312, 319, 53 N.E.2d 779, 782 (1944); *Harris,* 249 Ind. at 688, 231 N.E.2d at 804. Unless waived, a defendant's absence raises an inference of prejudice. However, the inference can be rebutted by the State and may be harmless. *James,* 613 N.E.2d at 24; *Harris,* 249 Ind. at 690–92, 231 N.E.2d at 805–06; *Childers v. State,* 408 N.E.2d 1284 (Ind.Ct.App.1980). None of the proceedings at issue in the current case, however, occurred in the presence of the jury. Each concerned matters that either were of a type often dealt with in the absence of the defendant—settling instructions, pre-trial motions or discovery issues— or which were properly discussed outside the defendants' presence—whether to redact juror identification information from the juror questionnaires. Because Ridley does not contend that he was absent from voir dire or any other critical proceeding, neither the rebuttable inference of prejudice nor the rule permitting only an express waiver applied. Accordingly, the right to be present under § 13 was not implicated by Ridley's absence and the claims are waived for failure to object or to establish any prejudice.

## III. Motions for Continuance/Motions to Exclude

■■■ Ridley contends that the trial court abused its discretion in denying his motion for a continuance, and his alternative motion to exclude late produced evidence. The motion for a continuance was filed a couple of weeks before trial, denied, and renewed a few days before trial and again on the first day of trial. The renewed motion was filed along with a motion to exclude on the ground that the State continued to provide the defense with supplemental discovery. The defense requested exclusion of the new material or more time to investigate it. Originally, the trial was scheduled for September 1995 but the court granted the defendants a continuance until early January due to the bulk of the discovery initially provided by the State. The State then provided additional discovery in September and on several occasions in December and January. Ridley contends that the belated discovery was a tactic by the State designed to hinder the preparation of the defense. The State responds that the discovery consisted of documents known to the defense and that the documents were turned over at the earliest opportunity. Specifically, in December, the supplemental discovery included car rental records, phone records, records documenting gun sales, copies of plea agreements, criminal histories of the defendants and potential witnesses, and four audio tapes. In January, days before the trial began, the State provided the defense with a one page Bureau of Motor Vehicles record, a Death Certificate, a one page report on the "Movement of Firearms," photographs which were ready for review, fourteen pages of BMV documents, and twelve pages of records from a gun manufacturer.

■■■ The trial court has wide discretion on issues relating to discovery. *Vanway v. State,* 541 N.E.2d 523, 526 (Ind.1989). Motions for continuance not based on statutory grounds are also committed to the sound discretion of the trial court and continuances allowing for preparation are not favored. *Vance v. State,* 640 N.E.2d 51, 55 (Ind.1994).

3. None of these proceedings involved any communication between judge and jury, such as the giving of instructions, which often implicate due process. *See* WAYNE R. LaFAVE & JEROLD H. ISRAEL, 3 CRIMINAL PROCEDURE, § 23.2(c) nn. 20.3–20.13 (1984 & Supp.1991).

4. Although the right to presence has been described as a right to be present at every stage of the proceeding, it has not been applied to situations, like those at issue, where the jury was not present. *Miles v. State,* 222 Ind. 312, 313, 53 N.E.2d 779, 780 (1944) (recognizing defendant's right to be present when instructions are read to the jury); *Foster v. State,* 267 Ind. 79, 82, 367 N.E.2d 1088, 1089 (1977) (finding harmless error when judge, in defendant's absence, responded in writing to written question from a deliberating jury).

In addition, a specific showing is required as to how the additional time requested would have aided counsel. *Clark v. State*, 539 N.E.2d 9, 11 (Ind.1989). Ridley does not make any claim as to what he would have done with the extra time. Rather he asserts, without any support for his conclusion, that the State delayed discovery as a trial tactic. He claims, without explanation, that because there was insufficient time to investigate he did not object to ·or cross examine two witnesses about the gun records. But he makes no showing of what questions he would have asked or how he was prejudiced. The court heard argument from both sides as to whether the additional discovery was a burden to the defense and decided it was not, denying the motion to exclude and motion for continuance. The trial court was in the best position to evaluate the fairness of the proceedings and, on this record, did not abuse its discretion in denying the motion to exclude and motion for a continuance. *Id.; Beverly v. State*, 543 N.E.2d 1111, 1113 (Ind.1989).

## IV.  Sentencing

Next, Ridley contends that the trial court did not have the statutory authority to impose his sentence consecutive to an earlier sentence rendered by a federal court. He cites the general rule that in the absence of express statutory authority, the trial court cannot order consecutive sentences. *Garner v. State*, 646 N.E.2d 349, 351 (Ind.Ct.App. 1995). The statutory provision in effect at the time the crimes were committed provided in pertinent part: "(a) ... the court shall determine whether terms of imprisonment shall be served concurrently or consecutively." IND.CODE § 35–50–1–2(a) (1993). This is an express grant of authority to the trial court to impose consecutive sentences. Further, this section was held to include the authority to impose a sentence consecutive to that of another jurisdiction. *Penick v. State*, 659 N.E.2d 484, 489 (Ind.1995) (sixty year sentence for murder ordered consecutive to an unrelated Ohio sentence); *Carrion v. State*, 619 N.E.2d 972, 973 (Ind.Ct.App.1993) ·(two concurrent fifty year sentences ordered consecutive to two life sentences rendered in

Oklahoma in unrelated proceedings). Accordingly, the trial court was authorized in ordering Ridley's sentence to be served consecutive to the federal sentence.

## V.  Imposition of Fines and Costs

Finally, Ridley contends that the trial court erred in assessing him $30,000 in fines ($10,000 for each count) and $10,000 for the cost of his representation. He. cites *Whitehead v. State*, 511 N.E.2d 284, 296 (Ind. 1987) for the proposition that when a court imposes fines or costs pursuant to Indiana Code § 35–38–1–18(a) on an indigent defendant, the court must expressly state that the defendant shall not be imprisoned for failing to pay. *See also Lock v. State*, 567 N.E.2d 1155, 1161 (Ind.1991). The State responds that the court did not find that Ridley was indigent and that there was no error. It is true that the court did not explicitly find Ridley indigent. However, the court appointed pauper appellate counsel which, as we held in *Whitehead,* showed the court's awareness of Ridley's indigence. Accordingly, upon remand, we order that the court revise the sentencing order to state that Ridley shall not be imprisoned for failure to pay the fines or costs assessed.[5]

## Conclusion

We affirm the convictions for conspiracy to commit murder and for murder. As explained in *Williams,* because Ridley was sentenced for both a conspiracy and an attempt for the same underlying crime, in direct conflict with Indiana Code § 35–41–5–3(a), we reverse the conviction for attempted murder. *Williams,* 690 N.E.2d at 171. In addition, on remand the trial court must include language · in the sentencing order indicating that Ridley shall not be imprisoned for failure to pay fines or costs assessed by the court.

SHEPARD, C.J., and DICKSON, SULLIVAN and SELBY, JJ., concur.

---

**5.**  In addition, because we reverse the conviction for attempted murder, the fine—$10,000 for each  count—should be adjusted accordingly.