## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Mar 31 2020, 11:22 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Daren E. Ridley
Carlisle, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

J.T. Whitehead
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Daren E. Ridley,

*Appellant-Petitioner,*

v.

State of Indiana,

*Appellee-Respondent*

March 31, 2020

Court of Appeals Case No.
19A-CR-2013

Appeal from the Marion Superior Court

The Honorable Lisa F. Borges, Judge

Trial Court Cause No.
49G04-9504-CF-57140

**Baker, Judge.**

In 1996, Ridley was convicted of murder, conspiracy to commit murder, and attempted murder. He filed a direct appeal. Our Supreme Court affirmed the murder and conspiracy to commit murder convictions, but reversed the conviction and sentence for attempted murder because Indiana law prohibits convictions for both conspiracy and attempt to murder the same person. *Ridley v. State*, 690 N.E.2d 177, 182 (Ind. 1997), *overruled on other grounds by Whedon v. State*, 765 N.E.2d 1276 (Ind. 2002). The Court remanded with instructions to vacate that conviction and sentence and to add language to the sentencing order indicating that Ridley would not be imprisoned for failure to pay if indigent. *Id.*

On June 29, 2000, the trial court entered a new sentencing order consistent with our Supreme Court's instructions.[1] On January 21, 2002, Ridley filed a petition for post-conviction relief; he filed an amended petition on July 20, 2004. On April 15, 2008, the post-conviction court denied relief. Ridley appealed, and this Court affirmed. *Ridley v. State*, No. 49A05-0806-PC-327 (Ind. Ct. App., July 29, 2009).

On July 25, 2019, Ridley sought to file a belated appeal of the trial court's June 29, 2000, sentencing order. He maintains that he was improperly resentenced because the new sentence was ordered without his attorney (or himself) present and that he was erroneously resentenced because of an appearance of

---

[1] It is unclear why there was a lengthy delay between the certification of our Supreme Court's opinion and the trial court's entry of a new sentencing order.

impropriety.[2]  On August 1, 2019, the trial court denied Ridley's motion to file a belated notice of appeal.  Ridley now appeals.

[4]     The basis of Ridley's appeal is an incorrect assumption—that he was resentenced.  He was not resentenced.  Instead, the trial court merely corrected the prior sentencing order pursuant to our Supreme Court's instructions—it vacated the conviction and sentence for attempted murder and added the language regarding Ridley's possible future indigency.  What was left of his original sentencing order for the two surviving convictions remained identical.  Because there was no resentencing, there is nothing to appeal—either in timely or belated fashion.  Because there was no resentencing, Ridley's right to counsel did not attach.  Therefore, the trial court did not err by denying Ridley's motion for a belated appeal.

[5]     The judgment of the trial court is affirmed.

May, J., and Pyle, J., concur.

---

[2] Ridley argued that the trial judge who entered the corrected sentencing order was the same attorney who acted as prosecutor during his trial.  But as Ridley acknowledges, that judge recused himself from the case before the new order was entered.  Additionally, that same judge—Chief Judge Cale Bradford of this Court—has recused himself from this appellate proceeding.